115 T.C. No. 19

UNITED STATES TAX COURT

FLAHERTYS ARDEN BOWL, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15223-98.                    Filed September 25, 2000.

F owns more than 50 percent of the stock of P.  F is a beneficiary of two retirement plans held by T. Under the terms of the plans F is authorized to direct the investments of the assets in his accounts in the plans.  F is a fiduciary under sec. 4975, I.R.C., and, under that section, P is a "disqualified person".  Sec. 404(c) of the Employee Retirement Income Security Act of 1974 (ERISA), Pub. L. 93-406, 88 Stat. 829, 877, provides that if a plan beneficiary exercises control over the plan's assets in his account, the beneficiary is not a fiduciary.

<u>Held</u>:  ERISA sec. 404(c) does not modify the definition of a fiduciary under sec. 4975, I.R.C., and P is liable for the tax imposed by that section.

Nick Hay, for petitioner.

James S. Stanis, for respondent.


OPINION

DAWSON, Judge:  This case was assigned to Special Trial Judge Carleton D. Powell pursuant to Rules 180, 181, and 183. All Rule references are to the Tax Court Rules of Practice and Procedure.  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

POWELL, Special Trial Judge:  Respondent determined deficiencies in petitioner's 1993 and 1994 Federal excise taxes under section 4975(a)[1] of $800 and $1,303, respectively. Respondent also determined additions to tax under section 6651(a)(1) for 1993 and 1994 of $200 and $326, respectively.  The issues are (1) whether petitioner is a disqualified person under section 4975(e), and, if so, (2) whether petitioner is liable for the section 6651(a)(1) additions to tax.

At the time the petition was filed petitioner's principal place of business was located in Arden Hills, Minnesota.

---

[1]    Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue.

## Background

The facts may be summarized as follows. Flahertys Arden Bowl, Inc. (petitioner), is a corporation organized under the laws of Minnesota. Patrick F. Flaherty (Mr. Flaherty) owns 57 percent of the common stock of petitioner and is the secretary of petitioner.

Mr. Flaherty is an attorney licensed to practice law in the State of Minnesota. Beginning in 1968, Mr. Flaherty's employer, Moss & Barnett, P.A., maintained a qualified profit sharing plan. Moss & Barnett, P.A., also maintained a qualified pension plan. Both plans were trusts as defined in section 401(a) and were exempt from tax under section 501(a). Mr. Flaherty participated in both plans.

U.S. Bank, National Association, is the successor trustee of both plans.[2] Both plans were defined contribution plans and provided segregated account balances for each participant. Both plans permitted the participant to direct up to 100 percent of the account assets.

During the period January 29, 1981, through June 15, 1982, Mr. Flaherty directed the trustee of his profit sharing plan

---

[2] First National Bank of Minneapolis was the original trustee of both plans. In 1986, the trust department of First National Bank of Minneapolis merged with First Trust Company of St. Paul. First Trust Company of St. Paul became First Trust National Association, which is now known as U.S. Bank, National Association.

account to lend $200,100 to petitioner. Mr. Flaherty also directed the trustee of his pension plan account to lend petitioner an additional $25,900. Mr. Flaherty, as an officer of petitioner, executed notes payable to the plans in exchange for the loans. The loans were payable upon demand and provided for interest at a market rate plus 1 percent. Petitioner timely paid interest on the loans. While the loans were outstanding, each plan listed the notes as assets on its books and records. The principal of both loans was repaid on April 5, 1994.

Before his direction to the plans, Mr. Flaherty contacted Marvin Braun (Mr. Braun) at U.S. Bank, National Association, and discussed the loans. Mr. Braun is a lawyer and has provided services for qualified retirement plans since 1971. Mr. Flaherty asked whether, under the plan agreements, he could direct that the loans be made and whether section 4975 would apply to petitioner. Mr. Braun advised him that the loans could be made and that section 4975 would not apply. Mr. Braun was aware of the relationship between Mr. Flaherty and petitioner. In directing that the loans be made, Mr. Flaherty relied on Mr. Braun's advice.

Petitioner did not file a Form 5330, Excise Tax Return, for either of the years in issue. Respondent determined that petitioner was a disqualified person within the meaning of section 4975(a), that the loans were prohibited transactions

under section 4975(c)(1)(B), and that excise taxes were due under section 4975(a).  Respondent also determined that petitioner failed to file Forms 5330 to report its liability for the excise taxes and that petitioner was liable for the additions to tax under section 6651(a)(1).

Discussion

I.  Liability Under Section 4975

    A.  The Statutes

Section 4975 was added to the Internal Revenue Code by title II of the Employee Retirement Income Security Act of 1974 (ERISA), Pub. L. 93-406, sec. 2003, 88 Stat. 829, 971.  ERISA was enacted to

> protect * * * the interests of participants in employee
> benefit plans and their beneficiaries, by requiring the
> disclosure and reporting to participants and beneficiaries
> of financial and other information with respect thereto, by
> establishing standards of conduct, responsibility, and
> obligation for fiduciaries of employee benefit plans, and by
> providing for appropriate remedies, sanctions, and ready
> access to the Federal courts. [ERISA sec. 2(b), 29 U.S.C.
> sec. 1001(b) (1988).]

The statutory framework of ERISA contains four separate titles.  We deal with Titles I and II. Title I of ERISA contains the "labor provisions" codified as amended in 29 U.S.C. secs. 1001-1461 (1988).  The labor provisions were designed to give the Department of Labor broad remedial powers over employee benefit plans.  Title II of ERISA contains the "tax provisions" including section 4975.  The tax provisions, contained in the Internal

Revenue Code, provide the statutory framework for the tax laws governing employee benefit plans and generally are administered by the Department of the Treasury.  See <u>Rutland v. Commissioner</u>, 89 T.C. 1137, 1143 n.4 (1987).

There are many areas where the labor provisions coincide with or overlap the tax provisions.  While much of the statutory terminology is similar, there are instances in which the statutes are different.  At issue in this case is one of those inconsistencies.

Section 4975(a) provides:

> SEC. 4975(a). Initial Taxes on Disqualified Person.-- There is hereby imposed a tax on each prohibited transaction.  The rate of tax shall be equal to 5 percent of the amount involved with respect to the prohibited transaction for each year (or part thereof) in the taxable period.  The tax imposed by this subsection shall be paid by any disqualified person who participates in the prohibited transaction (other than a fiduciary acting only as such).

The definition of a prohibited transaction includes "any direct or indirect lending of money or other extension of credit between a plan and a disqualified person".  Sec. 4975(c)(1)(B).  For our purposes, section 4975(c) is similar to ERISA section 406, 29 U.S.C. section 1106(a)(1)(B), except that the term "disqualified person" is changed to "a party in interest".  A disqualified person and a party in interest are defined as, inter alia, a "fiduciary".  Sec. 4975(e)(2)(A); ERISA sec. 3(14)(A), 29 U.S.C. sec. 1002(14)(A).  Section 4975(e)(2)(G) and ERISA section 3(14)(G), 29 U.S.C. 1002(14)(G), further provide that a

corporation in which a fiduciary owns 50 percent or more of the stock is also a disqualified person or party in interest.

Section 4975(e)(3) provides:

For purposes of this section, the term "fiduciary" means any person who--

(A) exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets

ERISA section 3(21)(A)(i), 29 U.S.C. section 1002(21)(A)(i), contains virtually the same language.

If this were the end of the statutory framework, petitioner would clearly be a "disqualified person" and liable for the excise tax imposed by section 4975(a).  Mr. Flaherty is a fiduciary because he directs the management of the plans' assets, more than 50 percent of petitioner's stock is owned by Mr. Flaherty, and the plans lent money to petitioner.

The labor provisions of ERISA, however, provide an exception to the definition of fiduciary:

In the case of a pension plan which provides for individual accounts and permits a participant or beneficiary to exercise control over the assets in his account, if a participant or beneficiary exercises control over the assets in his account (as determined under regulations of the Secretary)--

(A) such participant or beneficiary shall not be deemed to be a fiduciary by reason of such exercise, and

(B) no person who is otherwise a fiduciary shall be liable under this part for any loss, or by reason of any breach, which results from such participant's or

> beneficiary's exercise of control.  [ERISA sec. 404(c)(1), 29 U.S.C. sec. 1104(c)(1).]

The plans permitted Mr. Flaherty to exercise control over the assets in the accounts, and petitioner maintains that, since Mr. Flaherty is not a fiduciary under the provisions of ERISA section 404, 29 U.S.C. section 1104, he is not a fiduciary under section 4975.  On the other hand, respondent argues that Mr. Flaherty is a fiduciary for purposes of section 4975 even though he may not be a fiduciary under ERISA section 404.  We, therefore, must decide whether ERISA section 404(c)(1) is incorporated into section 4975(e).

B.  Principles of Statutory Construction and the Legislative History

The starting point for the interpretation of a statute is the language itself.  See Consumer Prod. Safety Commn. v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980).  If the language of the statute is plain, the function of the court is to enforce the statute according to its terms.  See United States v. Ron Pair Enters., Inc., 489 U.S. 235, 240-241 (1989).  All parts of a statute must be read together, and each part should be given its full effect.  See McNutt-Boyce Co. v. Commissioner, 38 T.C. 462, 469 (1962), affd. per curiam 324 F.2d 957 (5th Cir. 1963).  When identical words are used in different parts of the same act, they are intended to have the same meaning.  See Commissioner v. Keystone Consol. Indus., Inc., 508 U.S. 152, 159 (1993).  On the

other hand, "Where language is included in one section of a statute but omitted in another section of the same statute, it is generally presumed that the disparate inclusion and exclusion was done intentionally and purposely." United States v. Lamere, 980 F.2d 506, 513 (8th Cir. 1992); see also 2B Singer, Sutherland Statutory Construction, sec. 51.02, at 122-123 (5th ed. 1992) ("where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed").

ERISA section 404 pertains to fiduciary duties. Under ERISA section 404(a) a fiduciary shall discharge his duties with the care of a prudent man and diversify the investments. It is against this background that we must read ERISA section 404(c)(1), which provides that (1) the participant, who exercises control of the assets, is not deemed to be a fiduciary and, therefore, is not subject to ERISA section 404(a), and (2) any other fiduciary is not liable "under this part for any loss * * * which results" from the participant's exercise of control of the assets.

"[T]his part" refers to part 4, Fiduciary Responsibility, subchapter I, subtitle B, Regulatory Provisions, encompassing ERISA sections 401 through 414, 29 U.S.C. sections 1101 through 1114, and includes provisions for fiduciary liability contained

in ERISA section 409, 29 U.S.C. section 1109. It would appear that in a participant-directed plan ERISA section 404(c)(1) exculpates from part 4 potential liability a participant exercising control over the account assets, and any person who would otherwise be considered a fiduciary is relieved from the liability under part 4 of ERISA for any loss resulting from the participant's exercise of control. In the context of this case, ERISA section 404(c)(1) serves to insulate the participant (Mr. Flaherty) and the U.S. Bank, National Association, from the potential liability arising from any violation of the prudent man standard of care contained in ERISA section 404(a), 29 U.S.C. section 1104(a). See H. Conf. Rept. 93-1280, at 305 (1974), 1974-3 C.B. 415, 466.

To the contrary, section 4975(e)(3) contains the definition of a fiduciary "For purposes of this section". There is no exception in the language of section 4975(e)(3) similar to that of ERISA section 404(c)(1) for the section 4975 liability of a disqualified person. Applying the rules of statutory construction discussed supra p. 8, we, therefore, assume that Congress intended a different result with respect to the section 4975 liability.

Petitioner contends, however, that the legislative history indicates a clear intent of Congress not only that the definitions of part 4 of ERISA and of the Internal Revenue Code

should be as similar as possible, but also that they should operate together. Petitioner relies on various statements from the report of the conference committee. See H. Conf. Rept. 93-1280, supra at 295, 1974-3 C.B. at 456-457 ("To the maximum extent possible, the prohibited transaction rules are identical in the labor and tax provisions, so they will apply in the same manner to the same transaction."); id. at 308, 1974-3 C.B. at 469 ("The conferees intend that the labor and tax provisions are to be interpreted in the same way and both are to apply to income and assets. The different wordings are used merely because of different usages in the labor and tax laws.").

We agree with petitioner that the legislative history indicates a general intent of Congress that the language of the provisions be read together. The legislative history does not, however, preclude the existence of separate definitions or separate scopes in the two provisions. As we noted in O'Malley v. Commissioner, 96 T.C. 644, 650-651 (1991), affd. 972 F.2d 150 (7th Cir. 1992):

> The basis for the liability of a disqualified person for the excise tax under section 4975(a) * * * is not the same as the basis for liability of a fiduciary under section 406(a), ERISA. See, e.g., H. Rept 93-1280 (Conf.) at 306-307 (1974), 1974-3 C.B. 415, 467-468. A fiduciary is liable under section 406(a), ERISA, if he or she knowingly caused the plan to engage in a transaction which is described in section 406(a)(1), ERISA. * * *
>
> Under section 4975(a) and (b), a disqualified person is liable for the excise tax if he or she participates in the transaction. Participation in section 4975 occurs any time

> a disqualified person is involved in a transaction in a capacity <u>other than</u> as a fiduciary acting only as such.  \* \* \*

Furthermore, the conference report indicates that Congress intended that the definition of "party-in-interest" in the labor provisions not coincide in every respect with the definition of a "disqualified person" in the tax provisions.  It states:

> Under the tax provisions, the same general categories of persons are disqualified persons, with some differences. Although fiduciaries are disqualified persons under the tax provisions, they are to be subject to the excise tax only if they act in a prohibited transaction in a capacity other than that of a fiduciary.  Also, only highly-compensated employees are to be treated as disqualified persons, not all employees of an employer, etc.  [H. Conf. Rept. 93-1280, <u>supra</u> at 323, 1974-3 C.B. at 484.]

Under the labor provisions the potential liability runs directly to the fiduciary for breaches of his or her duties. Under section 4975, however, the liability runs not to a fiduciary as such but to disqualified persons and applies whether or not a fiduciary breached his duties under ERISA section 404(a).  See <u>Westoak Realty and Inv. Co., Inc. v. Commissioner</u>, 999 F.2d 308, 311 (8th Cir. 1993), affg. T.C. Memo. 1992-171; <u>Leib v. Commissioner</u>, 88 T.C. 1474, 1481 (1987).  We do not find, therefore, that the legislative history alters our conclusion that the exception contained in ERISA section 404(c)(1) is not incorporated into the section 4975 definition of a fiduciary.

C.  Regulations

As pointed out above, Congress intended a bifurcated enforcement of ERISA.  President Carter issued Reorganization Plan No. 4 of 1978 (the 1978 Plan), 3 C.F.R. 332 (1979), 92 Stat. 3790.  The 1978 Plan allocates the responsibility of administering the provisions of ERISA between the Secretary of the Treasury and the Secretary of Labor.  Section 102 of the 1978 Plan gives the Secretary of Labor authority with respect to

> regulations, rulings, opinions, and exemptions under section 4975 * * *
>
> EXCEPT for (i) subsections 4975(a), (b), (c)(3), * * * (e)(1), and (e)(7) of the Code; (ii) to the extent necessary for the continued enforcement of subsections 4975(a) and (b) * * *; and (iii) exemptions with respect to transactions that are exempted by subsection 404(c) of ERISA from the provisions of part 4 of Subtitle B of Title I of ERISA * * *

Section 102 of the 1978 Plan also provides that the Secretary of the Treasury shall still have responsibility to audit qualified retirement plans and to enforce the section 4975 excise tax as provided in section 105 of the 1978 Plan.  Section 105 of the 1978 Plan binds the Secretary of Treasury to the "regulations, rulings, opinions, and exemptions issued by the Secretary of Labor".

In October of 1992 the Department of Labor issued final regulations that provide:

> Prohibited Transactions.  The relief provided by section 404(c) of the Act and this section applies only to the provisions of part 4 of title I of the Act.  Therefore, nothing in this section relieves a disqualified person from

the taxes imposed by sections 4975(a) and (b) of the Internal Revenue Code with respect to the transactions prohibited by section 4975(c)(1) of the Code. [29 C.F.R. sec. 2550.404c-1(d)(3) (1993).]

The regulations are effective "with respect to transactions occurring on or after the first day of the second plan year beginning on or after October 13, 1992." Id. sec. 2550.404c-1(g)(1). Both parties agree that the loans at issue were repaid before the effective date of the regulations and the regulations do not apply to the transactions in this case. Nonetheless, it should be noted that the result attained by the regulations coincides with our reasoning.

Furthermore, this provision of the regulations has its genesis in proposed regulations issued in 1987 and 1991. In 1987, the Department of Labor issued proposed regulations regarding participant-directed plans. See 52 Fed. Reg. 33508 (Sept. 3, 1987). The preamble to the proposed regulations provided, in part:

> Prohibited transactions. Finally, the proposed regulation makes it clear that * * * the relief provided by section 404(c)(2) extends only to the provisions of part 4 of Title I of ERISA (relating to fiduciary responsibility). Therefore, even if a prohibited transaction is a direct and necessary consequence of a participant's exercise of control, nothing in section 404(c) of ERISA would relieve a "disqualified person" described in section 4975(e)(2) of the Code (including a fiduciary) from liability for the taxes imposed by sections 4975 (a) and (b) of the Code with respect to such prohibited transaction. [Id. at 33513.]

In 1991, the Department of Labor issued new proposed regulations regarding participant-directed plans. See id. at

10734.  The 1991 proposed regulations took the same position with respect to ERISA section 404(c).  The 1991 proposed regulations noted that "There is no provision in the Internal Revenue Code corresponding to section 404".  Id. at 10734.  Proposed regulations are not authoritative.  On the other hand, "proposed regulations can be useful as guidelines where they closely follow the legislative history of the act."  Van Wyk v. Commissioner, 113 T.C. 440, 444 (1999).

Petitioner contends that since the Department of Labor failed to issue final regulations until 1992, the exception to the definition of a fiduciary provided by ERISA section 404(c), 29 U.S.C. section 1104(c), should apply throughout ERISA including the tax provisions.  Because the Department of Labor failed to issue final regulations on this point until 1992, petitioner contends that respondent is not in a position to argue that separate definitions of a fiduciary apply for the two titles.  However, the absence of final regulations does not render the provisions of section 4975 inoperative.  Cf. Occidental Petroleum Corp. v. Commissioner, 82 T.C. 819, 829 (1984).

II.  Additions to Tax Under Section 6651(a)(1)

The parties agree that, if petitioner is liable for the excise taxes under section 4975, excise tax returns should have been filed.  Section 6651(a) imposes an addition to tax for

failing to file a timely income tax return, unless such failure to file is due to reasonable cause and not due to willful neglect. The addition to tax is 5 percent of the amount required to be reported on the return for each month or fraction thereof during which such failure to file continues, not to exceed 25 percent in the aggregate. See sec. 6651(a)(1); United States v. Boyle, 469 U.S. 241 (1985).

There is, and we do not understand respondent to argue otherwise, no evidence indicating that petitioner's failure to file was the result of willful neglect. Thus, the question is whether petitioner has demonstrated reasonable cause for the failure. The failure to file flows directly from Mr. Braun's advice that petitioner incurred no liability from the loan transactions.

Petitioner argues that its reliance on that advice constituted reasonable cause. We have held in various situations that reliance on expert advice constitutes reasonable cause. See, e.g., Citrus Valley Estates, Inc. v. Commissioner, 99 T.C. 379, 463 (1992); see also United States v. Boyle, supra at 250-251. Mr. Braun is a lawyer with extensive experience in the area of retirement plans. He was fully aware of all of the relevant facts. He researched the issue and advised petitioner that he believed the loans would not violate any of the provisions of ERISA or cause any tax liability under section 4975. The ERISA

provisions involved are highly complex, and the fact that his conclusion was erroneous does not mean that petitioner's reliance was not reasonable.  Consequently, we conclude that petitioner has established reasonable cause for not filing the returns and, therefore, the additions to tax under section 6651(a)(1) are inappropriate.

<u>Decision will be entered for respondent with respect to the deficiencies, and for petitioner with respect to the additions to tax under section 6651(a)(1)</u>.