# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1158

_____

Flahertys Arden Bowl, Inc.,        *
                                       *
        Appellant,           *
                                       *   Appeal from the United States
    v.                           *   Tax Court.
                                       *
Commissioner of Internal Revenue,   *       [PUBLISHED]
                                     *
        Appellee.            *

_____

Submitted: October 15, 2001
Filed: November 16, 2001 (Corrected: 11/27/01)

_____

Before BOWMAN, BRIGHT, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Flahertys Arden Bowl, Inc. (Taxpayer), appeals from the decision of the Tax Court,[1] Flahertys Arden Bowl, Inc. v. Comm'r, 115 T.C. 269 (2000), granting judgment to the Commissioner of the Internal Revenue Service on the Commissioner's claim that Taxpayer failed to file excise tax returns and pay the

_____

[1]Honorable Howard A. Dawson, Jr., adopting the opinion of the special trial judge, Honorable Carleton D. Powell.

required taxes in 1993 and 1994.[2]  The Tax Court held that Taxpayer was subject to tax liability under I.R.C. § 4975(a) (1988) as a result of loans made to Taxpayer from two pension funds in which Patrick F. Flaherty, an officer of Taxpayer who owned more than fifty per cent of the common stock, was a participant and for which he was a fiduciary.  Taxpayer argues that it was not liable for the tax because Flaherty, who is indeed a "fiduciary" under the Tax Code definition of that term, see id. § 4975(e)(3) (1988), is excepted from that definition by a section of ERISA[3] codified in Title 29 (Labor), 29 U.S.C. § 1104(c) (1988), that modifies the Tax Code's definition.

In a thorough opinion, the Tax Court rejected Taxpayer's position.  We affirm based on that court's well-reasoned opinion.  See 8th Cir. R. 47B.  We agree with the Tax Court that I.R.C. § 4975(e)(3) is controlling and is not modified by 29 U.S.C. § 1104(c).  Taxpayer also appeals from the Tax Court's denial of its motion for reconsideration.  We affirm the Tax Court's decision, particularly in view of the decision in Hillman v. IRS, 250 F.3d 228 (4th Cir.), on reh'g, 263 F.3d 338 (4th Cir. 2001), which reverses the tax court decision upon which Taxpayer's argument for reconsideration relies.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

------

[2]The Tax Court, however, rejected the Commissioner's decision that Taxpayer was liable for additions to tax under I.R.C. § 6651(a)(1) (1988).

[3]Employee Retirement Income Security Act of 1974, Pub. L. No. 93-406, 88 Stat. 829 (codified as amended at 29 U.S.C. §§ 1001-1461 and in scattered sections of 26 U.S.C.).