T.C. Memo. 2005-216


UNITED STATES TAX COURT


JOSEPH JOHN MARTELLA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7504-04.                    Filed September 19, 2005.


        P failed to file Federal income tax returns for
the 1998 and 2001 years.  R determined deficiencies and
additions to tax, which P contested primarily on the
basis of inapplicability of the filing requirement and
tax protester arguments.

        <u>Held</u>:  P is liable for deficiencies in his income
taxes and additions to tax under secs. 6651(a)(1) and
6654, I.R.C., for 1998 and 2001.


Joseph John Martella, pro se.

<u>Fred E. Green, Jr.</u>, for respondent.


        MEMORANDUM FINDINGS OF FACT AND OPINION


        WHERRY, <u>Judge</u>:  For petitioner's 1998 taxable year,

respondent determined a Federal income tax deficiency in the

amount of $1,476 and an addition to tax pursuant to section 6651(a)(1) in the amount of $701.10.[1]  For petitioner's 2001 taxable year, respondent determined a Federal income tax deficiency in the amount of $10,872 and additions to tax pursuant to section 6651(a)(1) in the amount of $3,370.32 and pursuant to section 6654(a) in the amount of $430.23.  After concessions,[2] the issues for decision are:

(1) Whether petitioner is liable for a deficiency in the amount of $1,476 for taxable year 1998;

(2) whether petitioner is liable for a deficiency in the amount of $9,282 for taxable year 2001;

(3) whether petitioner is liable for additions to tax under sections 6651(a) and 6654(a); and

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent conceded in his pretrial memorandum the sec. 6651(a)(2) addition to tax for both 1998 and 2001 and sought a correlative increase in the sec. 6651(a)(1) addition to tax for both years.  The appropriate sec. 6651(a)(1) addition to tax for both years is to be calculated per Rule 155, as it appears that the sec. 6651(a)(1) additions to tax as shown on the notice of deficiency are in error as they exceed the 25-percent aggregate maximum as permitted by this section.

At trial, respondent stated that the parties agreed that petitioner is liable for Federal income tax deficiencies in the amounts of $1,476 and $9,282, for the years 1998 and 2001, respectively.  Petitioner at trial sought to discuss only his liability for additions to tax; however, his main argument on brief and in his pretrial memorandum was that he was not liable for an income tax.  Given petitioner's arguments, the Court considers both the deficiency and the additions to tax issues.

(4) whether the Court should impose a penalty, sua sponte, under section 6673.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of the parties, with accompanying exhibits, are incorporated herein by this reference. At the time this petition was filed, petitioner resided in Henderson, Nevada.

On October 31, 2001, petitioner signed Form 2848, Power of Attorney and Declaration of Representative, designating Milton H. Baxley II (Mr. Baxley) and Bryan Malatesta (Mr. Malatesta), a Texas certified public accountant, as his representatives for tax matters regarding Form 1040, U.S. Individual Income Tax Return, before the Internal Revenue Service for the taxable years 1985-2004.[3]

Petitioner did not file a Federal income tax return for either the 1998 or 2001 taxable year. The last time petitioner filed a tax return was either in the year 1996 or 1997. It was during 1996 or 1997 that petitioner decided he was not liable for filing income tax returns.

On April 28, 2003, the Internal Revenue Service (Service) wrote petitioner a letter entitled: "Request for your Tax Return", informing petitioner that respondent did not receive a

_____

[3] Mr. Baxley and Mr. Malatesta also represented petitioner during the levy of his nonemployee income from Beyer Entertainment Group with respect to petitioner's 1995 tax year deficiency.

Form 1040 for 2001 from petitioner.  Petitioner's representative, Mr. Malatesta, responded to this letter and requested the "authority, referencing code and regulation or statute, that requires Joseph J. Martella to file a Form 1040.  I have seen no documents that require my client to file such a form."  Mr. Malatesta further informed respondent that his client "will file any form due, upon receipt of the Verified Statement *signed under the penalty of perjury by someone in the IRS who has the authority and firsthand knowledge* pursuant to 26 USC §§6061 and 6065 or any copy of a judgment ordering my client to file the form."  Mr. Malatesta drafted and attached to his response letter a form which he called a "Verified Satement" (sic):

> I, _____, Pocket Commission Serial No. _____, hereby affirm that Joseph J. Martella is obligated by law to file a Form _____ tax return.  My demand that Joseph J. Martella file the Form 1040 is authorized by law.  I am an authorized agent of the United States government and acting within delegated authority as evidenced by the documents I have produced for Bryan D. Malatesta CPA.  This statement is made under penalty of perjury, and is true, correct, complete and not misleading.
>
> _____
> Signature and Title

Mr. Malatesta's closing remarks notified the Service that it had "a firm offer to file the Form 1040.  My client gives his firm promise to file any form legally required by law upon receipt of the requested documents."

On June 24, 2003, the Service responded to Mr. Malatesta's letter by informing petitioner and Mr. Malatesta that a search

for petitioner's 2001 tax return was unsuccessful.  Further, the
Service stated that its records showed that in 2001 petitioner
had nonemployee compensation income of $41,075 and that if
petitioner "had net earnings of $400 or more from non-employee
compensation * * * [he] needed to file a Schedule SE and pay
self-employment tax."

Petitioner testified that he viewed several Internet Web
sites proclaiming that there was no law that required him to file
a Form 1040 and no law that made him liable for an income tax.
At trial and on brief, petitioner cited the fact that Internal
Revenue Service Commissioner, Mark Everson, during a press
conference on September 16, 2003, did not provide petitioner with
a satisfactory answer for petitioner to determine which law made
petitioner liable for an income tax and which law required
petitioner to file a Federal tax return.

On February 4, 2004, respondent issued petitioner notices of
deficiency determining deficiencies and additions to tax for the
1998 and 2001 taxable years as stated above.

OPINION

I.  Contentions of the Parties

Petitioner contends that he should not be liable for any
income taxes or additions to tax because he believes that there
is no law requiring him to file a Federal tax return and no law
that makes him liable for an income tax.  He argues that the
information found on various Internet Web sites and the fact that

no one has answered the questions, "what law requires me to file a 1040 and what law makes me liable to pay an income tax?" allow him to conclude that "there is no law that makes him liable for an income tax".[4]

Respondent claims that since petitioner did not file a Federal income tax return for both the 1998 and 2001 taxable years, he is liable for an addition to tax under section 6651(a)(1) for 1998 and 2001.  Furthermore, as petitioner did not make any estimated tax payments during 2001, respondent asserts that petitioner is also liable for an addition to tax under section 6654 for 2001.

## II.  Petitioner's Tax Liability

### A.  Burden of Proof

Respondent's determination of petitioner's tax liability is presumed correct, and petitioner bears the burden of proving that the determination is improper.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Although section 7491 may shift the burden to respondent in specified circumstances, petitioner here

---

[4] The Court informs petitioner that our tax system, the Code, and the Tax Court have been firmly established as constitutional.  Crain v. Commissioner, 737 F.2d 1417, 1417-1418 (5th Cir. 1984); Ginter v. Southern, 611 F.2d 1226, 1229 (8th Cir. 1979).  Specifically, the Court notes that the "Federal income tax laws are constitutional. * * * The whole purpose of the 16th Amendment was to relieve all income taxes when imposed from apportionment and from a consideration of the source whence the income was derived."  Abrams v. Commissioner, 82 T.C. 403, 406-407 (1984).

did not satisfy the prerequisites under section 7491(a)(1) and (2) for such a shift.

The Commissioner bears the burden of production in any court proceeding with respect to an individual's liability for penalties or additions to tax.  Sec. 7491(c).  To meet this burden, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty or addition to tax.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  In instances where an exception to the penalty or addition to tax is afforded upon a showing of reasonable cause, the taxpayer bears the burden of showing such cause.  Id. at 447.

B.    Filing Requirement

The Code imposes a Federal tax on the taxable income of every individual.  Sec. 1.  Gross income for the purposes of calculating taxable income is defined as "all income from whatever source derived".  Sec. 61(a).  This means that compensations for services, including fees, commissions, and fringe benefits are considered sources of gross income.  Sec. 61(a)(1).  Every U.S. resident individual whose gross income for the taxable year equals or exceeds the exemption amount is (with enumerated exceptions not applicable here) required to make an income tax return.  Sec. 6012(a)(1)(A).  Petitioner had gross income totaling $8,976 from self-employment for 1998 and gross

income totaling $41,075 from self-employment for 2001.[5]  The filing thresholds for a taxpayer filing as a single person, for taxable years 1998 and 2001, were $6,950 and $7,450, respectively.  Petitioner's gross income in 1998 and 2001 exceeded these filing thresholds, and petitioner was, therefore, required to file an income tax return.

C.    Petitioner's Taxable Income

Petitioner did not present any witnesses in support of his position, nor did he address his underlying tax liability either at trial or on brief.  Instead, petitioner reiterated his position that he was not liable for an income tax because he was not satisfied that there was any law that required him to pay an income tax.

Presumably, many facts relevant to a determination of petitioner's taxable income would be peculiarly within petitioner's personal knowledge and purview.  The fact that petitioner did not offer any evidence regarding his taxable income and did not call any witnesses is an indication that any facts which could have been presented by him at trial would have been unfavorable to his position.  See McKay v. Commissioner, 886 F.2d 1237, 1238 (9th Cir. 1989), affg. 89 T.C. 1063 (1987); Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165

_____

[5] Although the parties agreed to a lesser deficiency than the $10,872 amount determined in the notice of deficiency for 2001, this adjustment did not affect petitioner's total gross income for 2001.

(1946) ("The rule is well established that the failure of a party to introduce evidence within his possession and which, if true, would be favorable to him, gives rise to the presumption that if produced it would be unfavorable."), affd. 162 F.2d 513 (10th Cir. 1947); see also Little v. Commissioner, T.C. Memo. 1996-270 ("The Wichita Terminal presumption generally applies where the party failing to produce the evidence has the burden of proof."). Petitioner had the opportunity to call witnesses to testify and present evidence on his behalf. However, petitioner did neither. The Court therefore sustains the deficiency determined by respondent.[6]

## III. Additions to Tax

Section 6651(a) provides for a 5-percent addition to tax for each month or portion thereof that the tax return is filed late, not to exceed 25 percent in the aggregate, unless such failure to file is due to reasonable cause and not due to willful neglect. Although not defined in the Code, "reasonable cause" is viewed in the applicable regulations as the "exercise of ordinary business care and prudence". Sec. 301.6651-1(c)(1), Proced. & Admin. Regs; see also United States v. Boyle, 469 U.S. 241, 246 (1985). "Willful neglect" can be interpreted as a "conscious, intentional failure or reckless indifference." United States v. Boyle, supra at 245. With respect to section 6651(a) additions to tax,

_____

[6] This is subject to the agreement between the parties to reduce the deficiency to $9,282 for 2001 due to petitioner's substantiation of certain deductions. See also supra note 2.

reliance on misguided constitutional beliefs is not reasonable. Edwards v. Commissioner, 680 F.2d 1268, 1271 n.2 (9th Cir. 1982); see also Ginter v. Southern, 611 F.2d 1226, 1229 (8th Cir. 1979).

On the basis of the record in this case, the Court concludes that respondent's burden of production has been met.  Petitioner is not entitled to rely on the advice of unofficial non-governmental third parties provided on an Internet Web site, and petitioner did not allege that such third-party information constituted advice from a tax expert.  See United States v. Boyle, supra at 251 ("one does not have to be a tax expert to know that tax returns have fixed filing dates and that taxes must be paid when they are due"); Flahertys Arden Bowl, Inc. v. Commissioner, 115 T.C. 269 (2000) (holding that reliance on lawyer with extensive experience in subject area constituted reasonable cause), affd. 271 F.3d 763 (8th Cir. 2001).

In addition, petitioner stated with respect to the 1996 and/or 1997 taxable years that he "decided in my own mind that I wasn't liable for income tax, and I stopped filing returns". Petitioner admits that he did not file a tax return for either the year 1998 or 2001.  His unreasonable conclusion that he had no duty to file a return or pay tax based on his faulty research and Internet contacts does not constitute reasonable cause. Therefore, the Court sustains the imposition of additions to tax under section 6651(a)(1) for 1998 and 2001.

Section 6654(a) provides for an addition to tax for failure to pay estimated income tax where there has been an underpayment of estimated taxes by a taxpayer. Respondent produced evidence that petitioner did not pay any estimated tax for 2001. Since the Court finds that petitioner's situation does not fall within any of the specified exceptions under section 6654(e), petitioner is also liable for this addition to tax.

IV. <u>Section 6673 Penalty</u>

Section 6673 allows this Court to award a penalty to the United States in an amount not in excess of $25,000 for proceedings instituted by the taxpayer primarily for delay or for proceedings in which the taxpayer's position is frivolous or groundless. "A petition to the Tax Court, or a tax return, is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986) (imposing penalties on taxpayers who made frivolous constitutional arguments in opposition to the income tax). Courts have ruled that tax protester arguments and defenses to the filing requirement, such as petitioner has apparently espoused, are groundless and wholly without merit. <u>Ginter v. Southern</u>, <u>supra</u> at 1229; see also <u>Williams v. Commissioner</u>, T.C. Memo. 1999-277; <u>Morin v. Commissioner</u>, T.C. Memo. 1999-240; <u>Sochia v. Commissioner</u>, T.C. Memo. 1998-294 (all of which imposed a section 6673 penalty for tax protester arguments).

> Groundless litigation diverts the time and energies of judges from more serious claims; it imposes needless costs on other litigants. Once the legal system has resolved a claim, judges and lawyers must move on to other things. They cannot endlessly rehear stale arguments. Both appellants say that the penalties stifle their right to petition for redress of grievances. But there is no constitutional right to bring frivolous suits, see Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 743, 103 S.Ct. 2161, 2170, 76 L.Ed.2d 277 (1983). People who wish to express displeasure with taxes must choose other forums, and there are many available. * * * [Coleman v. Commissioner, supra at 72.]

Respondent has not sought a section 6673 penalty in this case. Because petitioner did eventually work cooperatively with respondent to help resolve the alleged tax deficiencies themselves and because petitioner was not previously fully warned of the section 6673 penalties, the Court declines to impose such a penalty today. Nevertheless, the Court notes petitioner submitted frivolous documents to the Court in the form of copies of Internet Web site pages and copies of advertisements, which provided specious arguments against the filing of an income tax return. Petitioner, at trial and on brief, contended that no law made him liable for an income tax or required him to file a Form 1040. The Court explicitly admonishes petitioner that he may, in the future, be subject to a penalty under section 6673 for any proceedings instituted or maintained primarily for delay or for any proceedings which are frivolous or groundless.

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing and concessions made by respondent,

Decision will be entered

under Rule 155.