**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-13

UNITED STATES TAX COURT

JOHN ERWIN SMITH AND JANET HANANI SMITH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14306-12S.                    Filed February 19, 2014.

John Erwin Smith and Janet Hanani Smith, pro sese.

<u>Craig A. Ashford</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code (Code) in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' Federal income tax for 2009 of $9,673.

The sole issue for decision is whether deductions for losses claimed by petitioners on their Schedules E, Supplemental Income and Loss, are limited by the passive activity rules of section 469.[2]  We hold that they are.

## Background

Some of the facts have been stipulated, and they are so found.  We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

Petitioners resided in California at the time that the petition was filed.

Petitioner John Erwin Smith holds a master of science degree in electrical engineering and is by profession a software engineer.  Over the years he has also

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code (Code) in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Other adjustments in the notice of deficiency are essentially mechanical in nature and will be given effect on the basis of the outcome of the issue regarding the passive activity losses.

purchased a number of properties, principally single-family residences in need of repair, which he then improves and either holds for rent or seeks to sell for a profit.

In 2007 petitioners purchased a single-family home on Solitude Way, Rocklin, California (Solitude Way property), which they and their five children then occupied as their personal residence. Petitioners continued to use the Solitude Way property as the family residence without interruption until they moved out in 2011.

When petitioners purchased the Solitude Way property, Mr. Smith intended to improve the property and ultimately offer it for rent or sale consistent with his past practice. In that regard, and throughout 2009, Mr. Smith spent much of his leisure time working to improve the property, particularly the drainage of the backyard.

At no time in 2009 was the Solitude Way property either rented or held out for rent by petitioners. Rather, as previously stated, it was used as their personal residence.

Petitioners timely filed their 2009 Federal income tax return. On it, petitioners reported total wage income of $172,922, including $96,801 of wages

earned by Mr. Smith.  After subtracting their losses listed on their Schedules E and making other adjustments, petitioners reported adjusted gross income of $158,243.

Petitioners attached two Schedules E to their return and listed five rental real estate properties thereon:  (1) a single-family home at Vargas Drive, San Jose, California (Vargas Drive property); (2) a single-family home at Amber Lane, Pleasanton, California (Amber Lane property); (3) a single-family home at Garfield Drive, Petaluma, California (Garfield Drive property); (4) a farm at Gibson Hill Road, Albany, Oregon; and (5) a residential rental at Santiago Court, Novato, California (Santiago Court property).  Petitioners did not include the Solitude Way property on either of their Schedules E.  Petitioners did, however, claim a home mortgage interest deduction and a real estate tax deduction in respect of the Solitude Way property on their Schedule A, Itemized Deductions, for 2009.

On their Schedules E petitioners reported a net loss of $26,971.  Petitioners did not make the election to group their rental activities as a single activity at the time they prepared and filed their return, nor did they seek to make the election at any time thereafter.

In 2011 petitioners prepared a log reflecting the time spent in 2009 devoted to both the Solitude Way property and their properties listed on their Schedules E.

Each entry in the log includes the date, type of activity, and the property or properties connected with the activity. At trial petitioners acknowledged that the entries in the log are estimates of the time Mr. Smith spent performing specified activities on given days.

The log estimates the total hours spent on real estate activities to be 1,411.2 hours. Petitioners added 10 hours of time spent brokering the properties, bringing the total to 1,421.2 hours. The log reflects that petitioners devoted the following hours to each property: 134.7 hours to the Vargas Drive property; entries related to the Santiago Court property but no time allocated; 24 hours to the Garfield Drive property; 28 hours to the property labeled Rental CA; 12 hours to the Amber Lane property; 42.5 hours to the property labeled Rental Utah; 1,068 hours to the Solitude Way property; 102 hours designated to all properties for routine maintenance such as collecting rent; and 10 hours to brokering the properties.

Petitioners' log further estimates that Mr. Smith spent 1,240 hours working as a software engineer for his employers during 2009.

In March 2012 respondent issued petitioners a notice of deficiency, determining a deficiency of $9,673 for 2009. The notice of deficiency disallowed petitioners' passive activity loss deductions claimed on their Schedules E. Petitioners filed a timely petition for redetermination with the Court.

- 6 -

## Discussion

I. Burden of Proof

In general, the Commissioner's determination in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioners have neither alleged that section 7491(a) applies nor have they established their compliance with its requirements. Accordingly, petitioners bear the burden of proof. See Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Deductions are allowed solely as a matter of legislative grace. Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer bears the burden of proving entitlement to any deduction claimed. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. at 115. In addition, a taxpayer is required to maintain records sufficient to substantiate deductions claimed on a Federal income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. In other words, the taxpayer bears the burden of proving entitlement to the deductions claimed, and this includes the burden of substantiation. Rule 142(a); Hradesky v.

Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

II.  Real Estate Professional

Section 469(a) generally disallows for the taxable year any passive activity loss.  A "passive activity loss" is defined as the excess of the aggregate losses from all passive activities for the taxable year over the aggregate income from all passive activities for that year.  Sec. 469(d)(1).  A "passive activity" includes, with certain exceptions, any trade or business in which the taxpayer does not materially participate.  Sec. 469(c)(1).  Rental activity is generally treated as a per se passive activity regardless of whether the taxpayer materially participates.  Sec. 469(c)(2), (4).  In general, material participation is defined as regular, continuous, and substantial involvement by an individual in the operations of an activity.  Sec. 469(h)(1).

There is an exception that allows the current deductibility of losses associated with rental activities that would ordinarily be disallowed under section 469.  Moss v. Commissioner, 135 T.C. 365, 368 (2010).  Thus, a taxpayer who engages in the rental real estate business is not engaged in a passive activity under section 469(c)(2) if the taxpayer can show that he or she is a qualifying real estate

professional under section 469(c)(7).  <u>See also</u> sec. 1.469-9(e)(1), Income Tax Regs.

A taxpayer qualifies as a real estate professional whose rental activities are not deemed per se passive if:

> (i) more than one-half of the personal services performed in trades or businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates, and

> (ii) such taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates.

Sec. 469(c)(7)(B).[3]  For joint filers, the same spouse must satisfy each of the above conjunctive requirements.  Sec. 469(c)(7)(B)(ii).  Here, petitioners allege (and the record supports) that Mr. Smith was the spouse who was primarily involved in the real estate activities.

Respondent contends that petitioners may not include the Solitude Way property in their time estimates because that property was their personal residence throughout 2009; therefore, in respondent's view, petitioners have not established that they worked the requisite number of hours to qualify as real estate

---

[3] An individual must establish that he or she materially participated in each of the rental activities unless the individual makes an election to treat all interests in rental real estate as a single rental activity.  Sec. 1.469-9(e)(1), Income Tax Regs.  Petitioners concede they made no such election.

professionals under section 469(c)(7)(B). Respondent further contends that the time log provided by petitioner should not be accepted because it was created postevent and contains "ballpark guesstimate[s]" of dates and time spent on real estate activities.

In contrast, petitioners contend that they only used the Solitude Way property as their personal residence to allow Mr. Smith to more easily prepare the property for rental. Therefore, in petitioners' view, hours spent improving the Solitude Way property should be included in determining whether petitioners materially participated in real estate trades or businesses.

In seeking to make their case, petitioners point to section 280A regarding the business use of home, as well as section 1.280A-1(e)(6), Proposed Income Tax Regs., 45 Fed. Reg. 52399 (Aug. 7, 1980), as amended, 48 Fed. Reg. 33320 (July 21, 1983). Petitioners argue that the Code and the regulation provide that days spent engaging in repair and maintenance work on a dwelling unit are not considered days of personal use of the property. According to petitioners, because Mr. Smith performed repair and maintenance work on the Solitude Way property approximately full time during 2009, their dwelling in the property was not for personal use and the hours spent improving the property are includible in

determining whether Mr. Smith materially participated in real estate trades or businesses during 2009.

A.  Inclusion of Hours Spent Working on the Solitude Way Property

An activity involving the use of tangible property may be considered a rental activity if such property is "used by customers or held for use by customers".  Sec. 1.469-1T(e)(3)(i)(A), Temporary Income Tax Regs., 53 Fed. Reg. 5702 (Feb. 25, 1988); sec. 1.469-9(b)(3), Income Tax Regs.  In the instant case, petitioners used the Solitude Way property throughout 2009 as their family residence.  Mr. Smith spent much of his leisure time in 2009 improving the Solitude Way property, especially the backyard, with the intent that the Solitude Way property might be rented out and used by tenants in the future; however, the property was not actually rented out at any time during 2009, nor was it held out for rent at any time in 2009.  Therefore, regardless of petitioners' intent to rent out the Solitude Way property at a later date, it was not a rental activity in 2009 because it was neither used by customers nor held for use by customers.  See sec. 1.469-1T(e)(3)(i)(A), (ii)(A), Temporary Income Tax Regs., supra.

Because the Solitude Way property was not part of a real estate trade or business at any time in 2009, time spent improving the property may not be included in establishing compliance with the real estate professional test of section

469(c)(7)(B) for rental real estate activities.  See Bailey v. Commissioner, T.C. Memo. 2001-296.  Therefore, after eliminating the hours Mr. Smith spent working on the Solitude Way property from the activity log, the log reflects a total of only 353.2 hours spent working on other properties in 2009.  Thus, even if petitioners had elected to group their rental activities, which they did not, 353.2 hours is less than the 1,240 hours Mr. Smith spent performing personal services in his employment, see sec. 469(c)(7)(B)(i), and less than the 750-hour requirement specified by section 469(c)(7)(B)(ii).  Accordingly, petitioners do not qualify as real estate professionals under section 469(c)(7).

Petitioners' reliance on section 1.280A-1(e)(6), Proposed Income Tax Regs., supra, is misplaced.[4]  Such section states that a taxpayer shall not be deemed to have used a dwelling unit for personal purposes on any day on which the principal purpose of the unit's use was to perform repair or maintenance work on the dwelling unit.  However, throughout 2009 the principal purpose of petitioners' use of the Solitude Way property was not to perform repair or

---

[4] In addition, we note that proposed regulations that have not been adopted are generally not authoritative.  See Canterbury v. Commissioner, 99 T.C. 223, 246 n.18 (1992) (citing F.W. Woolworth Co. v. Commissioner, 54 T.C. 1233, 1265-1266 (1970)); see also Flahertys Arden Bowl, Inc. v. Commissioner, 115 T.C. 269, 278 (2000) (stating that "[p]roposed regulations are not authoritative"), aff'd, 271 F.3d 763 (8th Cir. 2001).

maintenance work but rather to provide shelter, i.e., a home, for petitioners and their five children, which was purely personal use. In short, section 280A is simply inapposite given the actual use of the Solitude Way property.

B. Time Log Estimates

Even if the time Mr. Smith spent working on the Solitude Way property could be considered and included in petitioners' total hours working on real estate activities, petitioners would not satisfy the requirements of section 469(c)(7) because of the inadequacy of their log. In this regard, we observe that individuals may establish the extent of their participation in an activity by "any reasonable means." Sec. 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988). Although "reasonable means" is interpreted broadly, we have held that the phrase does not include a postevent "ballpark guesstimate". Speer v. Commissioner, T.C. Memo. 1996-323 (citing Goshorn v. Commissioner, T.C. Memo. 1993-578).

The method used by petitioners to determine the time spent by Mr. Smith performing services in his real estate activities was not reasonable within the meaning of section 1.469-5T(f)(4), Temporary Income Tax Regs., supra. Thus, petitioners rely on a reconstructed schedule of hours prepared in 2011 to approximate daily or weekly time spent on each property in 2009. Although we

found petitioners to be credible witnesses, we conclude that petitioners have not demonstrated material participation because their records are postevent "ballpark guesstimate[s]". Accordingly, petitioners have not demonstrated that Mr. Smith was a real estate professional in 2009.

III. Offset of Rental Real Estate Activities

Another exception that operates to allow the current deductibility of losses associated with rental activities ordinarily disallowed under section 469, albeit a potentially limited exception, is found in section 469(i). Thus, even if a taxpayer's rental real estate activities are treated as passive activities, a portion of the passive activity losses associated with those activities may be deductible under section 469(i)(1). Thus, a taxpayer who "actively" participates in a rental real estate activity may deduct a maximum loss of $25,000 per year related to the activity. See sec. 469(i)(1) and (2). This exception is subject to a phaseout when the taxpayer's adjusted gross income (AGI) (determined without regard to any passive activity loss) exceeds $100,000 and phases out entirely when adjusted gross income reaches $150,000. Sec. 469(i)(3)(A); Moss v. Commissioner, 135 T.C. at 371.

Petitioners reported AGI (determined without regard to any passive activity loss) of more than $150,000 on their 2009 return. Therefore, the phaseout calculation serves to preclude any deductible loss for 2009.

## Conclusion

In holding for respondent we have considered all of the arguments advanced by petitioners, and, to the extent not expressly addressed, we conclude that those arguments do not support a result contrary to that reached herein.

In order to give effect to the foregoing,

Decision will be entered for

respondent.