113 T.C. No. 29


UNITED STATES TAX COURT


LARRY W. AND CYNTHIA J. VAN WYK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15467-97.                    Filed December 21, 1999.


        P and L each own 50 percent of the stock in W, an
S corporation engaged in the business of farming.  P
and his wife borrowed funds from L and his wife.  On
the same day, P transferred to W funds equal in amount
to the loan from L and his wife.  Part of the funds P
transferred to W paid off preexisting debts P owed to
W, and the remainder represents a new debt from W to P
(the loan).  R determined that P is not at risk with
respect to the loan to W and disallowed P's share of
W's losses.
        1.  <u>Held</u>:  Pursuant to sec. 465(a), I.R.C., P is
not at risk with respect to the loan.  The at-risk
treatment of amounts borrowed by a taxpayer and
contributed to an activity is governed by sec.
465(b)(1)(B), I.R.C.  P is not considered to be at risk
with respect to the loan because sec. 465(b)(3)(A),
I.R.C., bars at-risk treatment with respect to amounts
that are borrowed from a person with a prohibited
interest in the activity, and L's equity interest is

such an interest.  Sec. 465(b)(3)(B)(ii), I.R.C.,
dealing with amounts borrowed by a corporation from its
shareholders, does not apply to except P from sec.
465(b)(3)(A), I.R.C.

2.  <u>Held</u>, <u>further</u>, P is not liable for penalties
under sec. 6662, I.R.C.


<u>Burns Mossman</u>, <u>Steven J. Roy</u>, and <u>Angela L. Watson</u>, for
petitioners.

<u>Deanna R. Kibler</u> and <u>Albert B. Kerkhove</u>, for respondent.


OPINION


WELLS, <u>Judge</u>:  Respondent determined deficiencies in
petitioners' income taxes of $60,371, $14,884, $6,875, and
$20,173 for their 1988, 1991, 1992, and 1993 taxable years
respectively, and additions to tax pursuant to section 6662[1] of
$2,977, $1,375, and $4,035 for their 1991, 1992, and 1993 taxable
years respectively.

In the instant case, after concessions, we must decide the
following issues:  (1) Whether petitioner Larry Van Wyk is at
risk with respect to a loan he made to an S corporation in which
he owns 50 percent of the stock, where the source of the funds
constituting the loan is the other 50-percent shareholder and

---

[1]     Unless otherwise noted, all section and Code references are
to the Internal Revenue Code in effect for the years in issue,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

that shareholder's wife; and (2) whether petitioners are liable for substantial understatement penalties under section 6662.

Background

The parties submitted the instant case fully stipulated pursuant to Rule 122. The facts stipulated by the parties are incorporated herein by reference and are found as facts in the instant case. When they filed their petition, petitioners resided in Monroe, Iowa.

During the years in issue, petitioner Larry Van Wyk (petitioner) and his brother-in-law, Keith Roorda, each owned 50 percent of the stock of West View of Monroe, Iowa, Inc. (West View), an S corporation engaged in the business of farming.

On December 24, 1991, petitioners borrowed $700,000 from Keith Roorda and his wife, Linda Roorda. To evidence their debt to Keith and Linda Roorda (the Roordas), petitioners executed a promissory note bearing interest at 10.5 percent per annum. The note was unsecured. Also, on December 24, 1991, petitioners transferred $700,000 to West View. Of that amount, $253,583 retired debts petitioners owed to West View with the remaining $444,417 constituting indebtedness owed by West View to petitioners (the loan).

On their tax returns for 1988 through 1993, petitioners reported one-half of the profits and losses from West View. Respondent determined that petitioners' income should be

increased in the amounts of $252,503, $438,811, $115,230, and $165,277 for the taxable years 1988, 1991, 1992, and 1993, respectively, on account of the disallowance of petitioners' deductions of West View's losses for those years. Additionally, respondent determined that, for 1993, petitioners' income should be increased by $93,239, on account of the disallowance of petitioners' deduction of West View's loss for the 1991 taxable year, which petitioners carried forward to 1993. Finally, respondent determined that petitioners are liable for a substantial understatement penalty pursuant to section 6662 for taxable years 1991, 1992, and 1993.

Discussion

We have been asked to resolve whether petitioner is at risk with respect to the loan.[2] Petitioners argue that petitioner should be considered at risk with respect to the loan pursuant to section 465(b)(1)(A). Additionally, petitioners argue that petitioner should be considered to be at risk with respect to the loan pursuant to section 465(b)(1)(B). Specifically,

---

[2]     The parties have stipulated the losses which petitioners will be entitled to deduct in accordance with our decision as to whether petitioner is at risk with respect the loan. Accordingly, other than the penalty issue discussed below, this is the only issue which we are called upon to decide. The parties also agree that the at-risk determination is to be made at the shareholder level and not at the S corporation level.

petitioners maintain that section 465(b)(3)(B)(ii) applies to the instant case.

The relevant portions of section 465 provide as follows:

SEC. 465. DEDUCTIONS LIMITED TO AMOUNT AT RISK.

(a) Limitation to Amount at Risk.--

(1) In general.--In the case of--

(A) an individual, and

(B) a C corporation with respect to which the stock ownership requirement of paragraph (2) of section 542(a) is met,

engaged in an activity to which this section applies, any loss from such activity for the taxable year shall be allowed only to the extent of the aggregate amount with respect to which the taxpayer is at risk (within the meaning of subsection (b)) for such activity at the close of the taxable year.

*    *    *    *    *    *    *

(b) Amounts Considered at Risk.--

(1) In general.--For purposes of this section, a taxpayer shall be considered at risk for an activity with respect to amounts including--

(A) the amount of money and the adjusted basis of other property contributed by the taxpayer to the activity, and

(B) amounts borrowed with respect to such activity (as determined under paragraph (2)).

(2) Borrowed amounts.--For purposes of this section, a taxpayer shall be considered at risk with respect to amounts borrowed for use in an activity to the extent that he--

(A) is personally liable for the repayment of such amounts, or

(B) has pledged property, other than property used in such activity, as security for such borrowed amount (to the extent of the net fair market value of the taxpayer's interest in such property).

\*     \*     \*     \*     \*     \*     \*

(3) Certain borrowed amounts excluded.--

(A) In general.--Except to the extent provided in regulations, for purposes of paragraph (1)(B), amounts borrowed shall not be considered to be at risk with respect to an activity if such amounts are borrowed from any person who has an interest in such activity or from a related person to a person (other than the taxpayer) having such an interest.

(B) Exceptions.--

(i) Interest as creditor.--Subparagraph (A) shall not apply to an interest as a creditor in the activity.

(ii) Interest as shareholder with respect to amounts borrowed by corporation.-- In the case of amounts borrowed by a corporation from a shareholder, subparagraph (A) shall not apply to an interest as a shareholder.

\*     \*     \*     \*     \*     \*     \*

(c) Activities to Which Section Applies.--

(1) Types of activities.--This section applies to any taxpayer engaged in the activity of-- \* \* \*

(B) farming (as defined in section 464(e)), \* \* \*

## Section 465(b)(1)(A)

Petitioners' first argument is that petitioner should be considered at risk with respect to the loan pursuant to section

465(b)(1)(A).  Petitioners contend that section 1.465-10(d),

Example, Proposed Income Tax Regs., 44 Fed. Reg. 32240 (June 5,

1979) "clearly illustrates this principle."  The example provides

as follows:

> A is the single shareholder in X, an electing small
> business corporation engaged in an activity described
> in § 465(c)(1).  A contributed $50,000 to X in exchange
> for its stock under § 351.  In addition, A borrowed
> $40,000 for which A assumed personal liability.  A then
> loaned the entire amount to X for use in the activity.
> * * *  At the close of the taxable year (without
> reduction for any loss of X) A's amount at risk is
> $90,000 ($50,000 plus $40,000). * * *

As we read the foregoing example, it does not contemplate a

situation where the amounts A contributed to X are borrowed by A

from a person who has an interest in X.  The source of the

contributed amounts is critical because it is section

465(b)(1)(B) and its related provisions, discussed below, rather

than section 465(b)(1)(A), that govern at-risk treatment for

amounts that are borrowed with respect to the activity.

Petitioners additionally argue that section 1.465-10(c),

Proposed Income Tax Regs., 44 Fed. Reg. 32240 (June 5, 1979),

supports their argument that petitioner should be considered at

risk with respect to the loan.  The proposed regulation provides

that "The amount at risk of a shareholder of an electing small

business corporation * * * shall be adjusted to reflect any

increase or decrease in the adjusted basis of any indebtedness of

the corporation to the shareholder".  Id.  Petitioners' reliance

on section 1.465-10(c), Proposed Income Tax Regs., supra, is flawed for the same reason we reject petitioners' argument concerning section 1.465-10(d), Example, Proposed Income Tax Regs., supra, i.e., the proposed regulation just does not contemplate the source of the funds, an issue governed by section 465(b)(1)(B) and its related provisions.

As to what is meant by "money * * * contributed by the taxpayer to the activity" within the meaning of section 465(b)(1)(A), the proposed regulations provide:  "A taxpayer's amount at risk in an activity shall be increased by the amount of personal funds the taxpayer contributes to the activity."  Sec. 1.465-22(a), Proposed Income Tax Regs., 44 Fed. Reg. 32241 (June 5, 1979).  According to the proposed regulations, "personal funds" of a taxpayer are those owned by the taxpayer and are not those acquired through borrowing.  Sec. 1.465-9(f), Proposed Income Tax Regs., 44 Fed. Reg. 32240 (June 5, 1979).

Petitioners acknowledge the proposed regulations regarding personal funds but note that they are over 19 years old and still in proposed form.  Petitioners also note that the personal funds requirement is not mentioned in either the statute or the legislative history.  Accordingly, petitioners claim that the proposed regulations carry little weight as to the personal funds requirement.  We think it anomalous that petitioners embrace the proposed regulations as support for their argument, yet argue

that the proposed regulations do not apply when they present contrary authority. Nonetheless, proposed regulations are given no greater weight than a position advanced by the Commissioner on brief. See, e.g., F.W. Woolworth Co. v. Commissioner, 54 T.C. 1233, 1265-1266 (1970). Yet proposed regulations can be useful as guidelines where they closely follow the legislative history of the act. See Estate of Wallace v. Commissioner, 95 T.C. 525, 547 (1990), affd. 965 F.2d 1038 (11th Cir. 1992). We have previously cited the section 465 proposed regulations for that purpose. See Melvin v. Commissioner, 88 T.C. 63 (1987), affd. 894 F.2d 1072 (9th Cir. 1990).

To read section 465(b)(1)(A) as petitioners suggest would be inconsistent with section 465(b)(1)(B). Accordingly, we conclude that Congress did not intend such a result and that such a construction of the statute would be inappropriate. See, e.g., Weinberger v. Hynson, Westcott & Dunning, Inc., 412 U.S. 609, 633-634 (1973) (interpreting a statute in such a manner "offends the well-settled rule of statutory construction that all parts of a statute, if at all possible, are to be given effect"); In re Windsor on the River Associates, 7 F.3d 127, 130 (8th Cir. 1993); Bokum v. Commissioner, 94 T.C. 126, 154 (1990), affd. 992 F.2d 1132 (11th Cir. 1993).

Respondent also points to statements by the Staff of the Joint Committee on Taxation as an explanation of how Congress

intended section 465(b)(1) to operate when there is an overlap in coverage between section 465(b)(1)(A) and (B):

> The amounts borrowed by the taxpayer and then contributed to the activity (or used to purchase property which is contributed to the activity) are "amounts borrowed with respect to" the activity (as referred to in section 465(b)(1)(B)) and therefore are subject to the rules of section 465(b)(3) even though amounts (or property) are also described in section 465(b)(1)(A). [Staff of the Joint Comm. on Taxation, General Explanation of the Tax Reform Act of 1976, at 39 n.12 (J. Comm. Print 1976).]

The General Explanation is in accord with our own conclusion as to the operation of the statute. In short, petitioners fail to marshal any meaningful support for their argument under section 465(b)(1)(A). Accordingly, we hold that the loan does not, without consideration of section 465(b)(1)(B), constitute money contributed to an activity under section 465(b)(1)(A).

Section 465(b)(1)(B)

Petitioners additionally contend that the loan should be considered at risk pursuant to section 465(b)(1)(B). Petitioners argue that the loan is not subject to the general prohibition of section 465(b)(3)(A) against borrowing from parties with an interest in the activity because of the exception provided by section 465(b)(3)(B)(ii). Petitioners argue:

> Van Wyk loaned funds to West View, thus fulfilling the first clause of I.R.C. § 465(b)(3)(B)(ii). ("In the case of amounts borrowed by a corporation from a shareholder . . ."). Because this requirement is met, Roorda's status as a shareholder is disregarded and I.R.C. § 465(b)(3) does not apply. Since Van Wyk was

> personally liable to repay the loan to Roorda, I.R.C. §
> 465(b)(2) has been satisfied and Van Wyk has amounts
> "at risk" under I.R.C. § 465(b)(1)(B).

In essence, petitioners argue that section 465(b)(3)(B)(ii) is meant to allow at-risk status for a shareholder who borrows money from another shareholder and then lends it to a corporation owned by both of the shareholders.  Respondent contends that section 465(b)(3)(B)(ii) bears only upon the at-risk status of a corporation, not its shareholders.

We agree with respondent that the proper interpretation is that section 465(b)(3)(B)(ii) applies only to allow at-risk status for a corporate borrower, not to an individual shareholder merely because he made the loan in question to his corporation.  Section 465(b)(1)(B) and (2) speaks to amounts borrowed by a taxpayer--in the instant case, the reference to a taxpayer is to petitioner.  Section 465(b)(3)(A) prohibits at-risk treatment for those amounts, i.e., the amounts borrowed by the taxpayer (in the instant case petitioner), if those amounts are borrowed from a person with an interest in the activity or from a person related to such a person.  Section 465(b)(3)(B)(i) excepts those borrowed amounts, i.e., allows at-risk treatment, where the only interest in the activity possessed by the lender (the person from whom the taxpayer borrowed the money) is a creditor's interest.  That exception does not apply to the instant case because Keith Roorda's interest in the activity is an equity interest, which is

a prohibited interest.[3]  Moreover, Linda Roorda, as the wife of

Keith Roorda, is a "related person to a person with an interest

in the activity" within the meaning of section 465(b)(3)(A).[4]  As

we read section 465(b)(3)(B)(ii), it excepts borrowed amounts

only where the borrower that is claiming to be at risk on those

amounts is a corporation.[5]  In the instant case, because the

---

[3]    In Jackson v. Commissioner, 86 T.C. 492, 529 (1986), affd.
864 F.2d 1521 (10th Cir. 1989), we held that a prohibited
interest is a capital interest in the activity or an interest in
the net profits of the activity.  We have applied the holding in
Jackson in later cases.  See Levy v. Commissioner, 91 T.C. 838,
868 (1988); Larsen v. Commissioner, 89 T.C. 1229, 1270 (1987),
affd. in part and revd. on another issue sub nom. Casebeer v.
Commissioner, 909 F.2d 1360 (9th Cir. 1990); Bennion v.
Commissioner, 88 T.C. 684, 698 (1987).  In these cases, we
defined a capital interest as an interest in the assets of the
activity which is distributable to the owner of the capital
interest upon liquidation of the activity.

[4]    "Related person" includes a spouse.  See secs. 465(b)(3)(C),
267(b)(1) and (c)(4).

[5]    Put more technically, the following analysis was set forth
in respondent's brief:

> "Taxpayer" in * * * paragraph 465(b)(1) is the
> antecedent to which "amounts borrowed by a corporation"
> found in subparagraph 465(b)(3)(B)(ii) refers.  The
> clause "amounts borrowed by a corporation" found in
> subparagraph 465(b)(3)(B)(ii) relates back to the
> phrase "amounts borrowed" found in subparagraph
> 465(b)(3)(A).  The phrase "amounts borrowed" found in
> subparagraph 465(b)(3)(A) relates back to the phrase
> "amounts borrowed" found in subparagraph 465(b)(1)(B).
> The phrase "amounts borrowed" found in subparagraph
> 465(b)(1)(B) relates back to the term "taxpayer" found
> in both * * * paragraph 465(b)(1) and paragraph
> 465(b)(2).  This * * * [syntactical] analysis reveals
> the clause "by a corporation" to be a term of

(continued...)

taxpayer claiming to be at risk for the borrowed amounts is an individual, section 465(b)(3)(B)(ii) does not apply.

The House report accompanying the enactment of the Deficit Reduction Act of 1984 (DEFRA), Pub. L. 98-369, sec. 432(c), 98 Stat. 494, 814, the act which added section 465(b)(3)(B)(ii) to the Code, supports our reading of section 465. The House report states:

> Borrowing from related parties
>
> The bill provides that recourse borrowing from related parties (including family members and entities controlled by the taxpayer) may be considered at risk for purposes of the loss limitation and investment tax credit at-risk rules. Except as otherwise provided by regulations, recourse borrowing will be considered not at risk when the related party has an interest (other than as a creditor) in the activity or when the taxpayer is otherwise protected against loss. The bill also specifies that <u>a corporation may be considered at risk</u> with respect to amounts borrowed from its shareholders to finance participation in an activity. [H. Rept. 98-432 (Part 2), at 1514-1515 (1984); emphasis added.[6]]

---

[5](...continued)
limitation to the more general "taxpayer" found in § 465(b)(2), * * * to which § 465(b)(3)(B) refers.

Respondent's analysis comports with our own analysis above.

[6]    The Staff of Joint Committee on Taxation, General Explanation of the Revenue Provisions of the Deficit Reduction Act of 1984, at 736 (J. Comm. Print 1984), contains nearly identical language:

> The Act further provides that, except to the extent provided in regulations, recourse borrowing will not be considered at risk where the lender has an interest

(continued...)

The quoted passage indicates that a corporation may be at risk for amounts borrowed from its shareholders by reason of section 465(b)(3)(B)(ii). Yet we can find no legislative history suggesting that the shareholders will be deemed at risk with respect to such amounts by reason of that provision of the statute.

Petitioners contend that if Congress intended the exception of section 465(b)(3)(B)(ii) to apply only to corporations, i.e., only at the corporate level, it would have expressly provided that the exception applied only for purposes of calculating corporate-level at risk amounts. Petitioners further contend that, because there is no express language in section 465(b)(3)(B)(ii) limiting its application only to corporations, the statute should be construed to afford them relief. Indeed, if the statute contained such language, our task would have been simpler. The failure of the statute to contain such language, however, does not persuade us that our interpretation is incorrect.

---

[6](...continued)
(other than as a creditor) in the activity or is related to a person (other than the taxpayer) having such an interest. However, the Act specifies that a corporation may be considered at risk with respect to amounts borrowed from its shareholders to finance participation in an activity.

Additionally, we note that 2 years after section 465(a)(1) was amended to eliminate the at-risk limitations for S corporations,[7] section 465(b)(3)(B)(ii) was added to the Code by DEFRA section 432(c). The logical inference, therefore, is that, because the at-risk status of an S corporation is no longer relevant, where section 465(b)(3)(B)(ii) addresses the at-risk status of a corporation borrowing from its shareholders, the statute must refer only to C corporations that are subject to section 465.

For the reasons stated above, we simply are not persuaded by petitioners' arguments or their interpretation of the statute. Accordingly, we hold that, because the source of the funds constituting the loan is not excepted by section 465(b)(3)(b)(ii), petitioner, pursuant to section 465(b)(3)(A), is not considered to be at risk with respect to the loan.

---

[7] Previously, with respect to S corporations, the at-risk limitations of sec. 465(a)(1) applied at both the corporate and the shareholder level. Sec. 5(a)(31)(A) of the Subchapter S Revision Act of 1982, Pub. L. 97-354, 96 Stat. 1669, 1695, however, amended sec. 465(a)(1) by eliminating the at-risk limitations for S corporations. See also H. Rept. 98-432 (Part 2), at 1507 ("In the case of a[n] * * * S corporation, the [at-risk] rules apply at shareholder level."), 1507 n.16 (The at-risk "provisions no longer apply at the corporate level as a result of an amendment made by the subchapter S Revision Act of 1982 (Pub. L. 97-354)" (1984).

<u>Section 6662(a)</u>

The final issue is whether petitioners are liable for a penalty under section 6662.  Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment of tax that is attributable to, inter alia, any substantial understatement of income tax.  A substantial understatement of tax is defined as the amount which exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year or $5,000.  See sec. 6662(d)(1)(A).  An understatement is reduced to the extent it is:  (1) Based upon substantial authority; (2) adequately disclosed in the tax return or in a statement attached to the return and there was a reasonable basis for the treatment of the item.  See sec. 6662(d)(2)(B).  Petitioners must establish error in respondent's determination that they are liable for the penalty provided by section 6662(a).  See Rule 142(a).

The section 6662 penalty does not apply to any portion of an underpayment where it is shown that there was reasonable cause and that the taxpayer acted in good faith.  Sec. 6664(c)(1).  The decision as to whether the taxpayer acted with reasonable cause and in good faith depends upon all pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Under the circumstances of the instant case, we believe that the complexity of section 465, and the lack of express guidance in the regulations, led petitioners to an honest mistake of law for

which it is inappropriate to penalize them.  Accordingly, we do not sustain the section 6662 determination by respondent.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155.</u>