T.C. Memo. 2010-122


UNITED STATES TAX COURT



GLENN A. OCHSNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 20560-07.                Filed June 3, 2010.



<u>Anthony V. Diosdi</u>, for petitioner.

<u>Brooke S. Laurie</u>, for respondent.



MEMORANDUM FINDINGS OF FACT AND OPINION


MARVEL, <u>Judge</u>:  In affected items notices of deficiency

dated August 1, 2007, respondent determined that petitioner is

liable for section 6662(a)[1] accuracy-related penalties of

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

$1,489,[2] $3,172, $1,792, and $2,694 for 1992, 1993, 1994, and 1995, respectively.  The initial issue is whether we have jurisdiction to redetermine the section 6662(a) penalties in this partner-level affected items proceeding.  If we conclude that we do have jurisdiction, then we must decide whether respondent issued the affected items notices of deficiency within the applicable limitations period and, if so, whether petitioner is liable for the section 6662(a) accuracy-related penalties.

### FINDINGS OF FACT

Some of the facts have been stipulated.  The stipulation of facts is incorporated herein by this reference.  Petitioner resided in California when he filed his petition.

During the years at issue petitioner was the chief financial officer for Merryvale Vineyards in St. Helena, California.  Petitioner holds a bachelor's degree in math and a master's degree in business.  Petitioner's education included courses in accounting.

Sometime in the early 1990s petitioner learned from a coworker about a family cattle and sheep ranching business operated by Walter J. Hoyt III (Hoyt Farms).  In 1992 or 1993 petitioner attended a presentation in Burns, Oregon, where representatives of Hoyt Farms promoted investment in Hoyt cattle and sheep ranching partnerships.  On the basis of his experience

---

[2]Monetary amounts have been rounded to the nearest dollar.

in Burns, Oregon, and his conversations with Hoyt partnership
promoters and other Hoyt partnership investors, petitioner
decided to invest in certain partnerships formed by Walter J.
Hoyt III (Mr. Hoyt). Petitioner did not seek advice from an
independent adviser who was not associated with Hoyt Farms before
deciding to invest.

Petitioner invested as a partner in Shorthorn Genetic
Engineering 1985-4 J.V. (Shorthorn Genetic), and made cash
contributions to Shorthorn Genetic in each of the years 1993,
1994, and 1995. Petitioner also became a partner in Durham
Shorthorn Breed Syndicate 1987-E J.V. (Durham Shorthorn), for
1992, although he did not make any cash contribution to the
partnership in 1992. Durham Shorthorn and Shorthorn Genetic were
formed, operated, and promoted by Mr. Hoyt[3] and were subject to

---

[3]We take judicial notice that between 1971 and 1998, Mr.
Hoyt organized cattle and sheep breeding partnerships (the Hoyt
partnerships), and he promoted the Hoyt partnerships to thousands
of investors. See, e.g., Bergevin v. Commissioner, T.C. Memo.
2008-6. Most of the Hoyt partnerships were audited pursuant to
TEFRA as part of an Internal Revenue Service initiative to combat
abusive tax shelters, and the Hoyt partnerships have been the
subject of at least 50 Tax Court opinions (many other cases
involving the Hoyt partnerships have settled). See id.; see also
Mora v. Commissioner, 117 T.C. 279, 280-282 (2001); Mortensen v.
Commissioner, T.C. Memo. 2004-279, affd. 440 F.3d 375 (6th Cir.
2006). Mr. Hoyt, who was an enrolled agent with the IRS, acted
as the tax matters partner in nearly all of the Tax Court
proceedings until his removal by this Court in 2000. Bergevin v.
Commissioner, supra. On Feb. 12, 2001, Mr. Hoyt was convicted of
fraud, mail fraud, bankruptcy fraud, and money laundering. Id.
The essence of the charges was that Mr. Hoyt had defrauded
approximately 4,000 investors in the Hoyt partnerships. Id.; see
(continued...)

the unified partnership audit and litigation provisions enacted as part of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 648.

On January 3, 1994, Durham Shorthorn filed its Form 1065, U.S. Partnership Return of Income, for the taxable year ending on September 30, 1992. On July 21, 1994, July 20, 1995, and July 18, 1996, Shorthorn Genetic filed its Forms 1065 for the taxable years ending on September 30, 1993, 1994, and 1995, respectively.

On February 19, 1993, February 11, 1994, and January 10, 1996, respondent mailed prefiling notification letters to petitioner. Each of the letters contained the following paragraph:

> You have been identified as a partner in a tax shelter partnership promoted by Walter J. Hoyt III. We believe that tax shelter deductions and/or credits from such tax shelter partnerships will not be allowable and an examination will be conducted when the returns are filed.

Each letter also warned petitioner that the Internal Revenue Code provides for the application of accuracy-related penalties under section 6662 in appropriate cases.

Despite the warnings contained in the prefiling notification letters, petitioner filed tax returns for each of the years 1992-95 that claimed his distributive share of losses from the Hoyt partnerships in which he was a partner. Hoyt Farms had

---

[3](...continued)
also <u>River City Ranches #1 Ltd. v. Commissioner</u>, T.C. Memo. 2007-171, affd. 313 Fed. Appx. 935 (9th Cir. 2009).

recommended that petitioner use its in-house tax service (Hoyt tax service) to prepare his Federal income tax returns, and petitioner followed that advice.  On his 1992 Federal income tax return, which was prepared by the Hoyt tax service and filed on August 19, 1993, petitioner deducted a $34,768 partnership loss attributable to his partnership interest in Durham Shorthorn.  On his Federal income tax returns for 1993, 1994, and 1995, which were prepared by the Hoyt tax service and filed on August 11, 1994, August 4, 1995,[4] and September 13, 1996, respectively, petitioner deducted partnership losses of $68,150, $71,919, and $88,231, respectively, attributable to his investment in Shorthorn Genetic.  Petitioner did not consult with a professional adviser who was independent of Hoyt Farms or its tax service to advise him with respect to his 1992-95 Federal income tax returns, even after he received the prefiling notification letters.

On May 31, 1994, respondent mailed to petitioner a notice of beginning of administrative proceedings (NBAP) for Durham Shorthorn for the taxable year ending September 30, 1992.  On March 20, 1995, July 14, 1997, and December 15, 1997, respondent

---

[4]The stipulation of facts states that petitioner's 1994 Form 1040, U.S. Individual Income Tax Return, was filed on Aug. 14, 1995.  However, petitioner's 1994 Form 1040, which is part of the record, indicates that it was received by respondent on Aug. 4, 1995.  In any event, the exact date of filing is not determinative.

mailed to petitioner NBAPs for Shorthorn Genetic for the taxable years ending September 30, 1993, 1994, and 1995, respectively.

On May 22, 1995, respondent mailed a notice of final partnership administrative adjustment (FPAA) to Mr. Hoyt, who was Durham Shorthorn's tax matters partner, and to petitioner, with respect to Durham Shorthorn's taxable year ending September 30, 1992. On November 20, 1995, July 1, 1998, and May 17, 1999, respondent mailed FPAAs to Mr. Hoyt, who was also Shorthorn Genetic's tax matters partner, and to petitioner, with respect to Shorthorn Genetic's taxable years ending September 30, 1993, 1994, and 1995, respectively.

A petition on behalf of Durham Shorthorn was filed with this Court on August 24, 1995, with respect to the taxable year ending September 30, 1992 (docket No. 16475-95). Petitions on behalf of Shorthorn Genetic were filed with this Court on April 22, 1996, September 23, 1998, and August 16, 1999, with respect to the partnership taxable years ending September 30, 1993, 1994, and 1995 (docket Nos. 7282-96, 15758-98, and 13808-99, respectively).

On May 17, 2006, we entered a stipulated decision in the Durham Shorthorn proceeding (docket No. 16475-95). On May 4, May 5, and May 5, 2006, we entered stipulated decisions in the Shorthorn Genetic proceedings in docket Nos. 7282-96, 15758-98, and 13808-99, respectively.

Upon entry of the stipulated decisions, respondent adjusted petitioner's distributive share of partnership items reported on Schedule E, Supplemental Income and Loss, of his 1992-95 Federal income tax returns as follows:

| Year | Partnership | Adjustment | Amount |
|------|-------------|------------|--------|
| 1992 | Durham Shorthorn | Ordinary income | $34,768 |
| 1993 | Shorthorn Genetic | Ordinary income | 70,178 |
|      |              | Miscellaneous income | 7,549 |
| 1994 | Shorthorn Genetic | Ordinary income | 58,961 |
|      |              | Sec. 1231 gain | 27,004 |
| 1995 | Shorthorn Genetic | Ordinary income | 81,939 |
|      |              | Sec. 1231 gain | 24,303 |

On August 1, 2007, respondent assessed as computational adjustments the additional tax resulting from the adjustments to partnership items described above.

On August 1, 2007, respondent also mailed to petitioner affected items notices of deficiency in which he determined that petitioner was liable for the following section 6662 accuracy-related penalties with respect to the partnership adjustments:

| Year | Penalty sec. 6662(a) |
|------|----------------------|
| 1992 | $1,489 |
| 1993 | 3,172 |
| 1994 | 1,792 |
| 1995 | 2,694 |

On or about September 4, 2007, petitioner mailed a letter with enclosures to this Court contesting respondent's determinations. We filed the document as petitioner's timely filed petition.

Both before and during trial, petitioner asserted partner-level defenses to the section 6662 accuracy-related penalties that depended upon factual findings at the partner level. Specifically petitioner alleged that he reasonably relied on professional advisers and that he had reasonable cause for, and acted in good faith with respect to, the underpayments.

OPINION

I. Partnership Audit and Litigation Under TEFRA--In General

Before 1982 all adjustments to partnership items were determined at the partner level. Adams v. Johnson, 355 F.3d 1179, 1186 (9th Cir. 2004); Maxwell v. Commissioner, 87 T.C. 783, 787 (1986). To reduce the substantial administrative burden associated with duplicative audits and litigation, and to ensure that all partners in the same partnership received consistent treatment, Congress in 1982 enacted the uniform partnership audit and litigation procedures as part of TEFRA. Meruelo v. Commissioner, 132 T.C. __ (2009) (slip. op. at 12-13) (citing Adams v. Johnson, supra at 1186-1187). Under TEFRA, which applies with respect to all partnership taxable years ending after September 3, 1982, the tax treatment of any partnership item is determined generally in a single proceeding at the partnership level. See sec. 6221; Adams v. Johnson, supra at 1186-1187; Maxwell v. Commissioner, supra at 787.

A "partnership item" is any item that the Secretary[5] has determined is more appropriately determined at the partnership level rather than the partner level.  Sec. 6231(a)(3); Meruelo v. Commissioner, supra at __ (slip. op. at 13); sec. 301.6231(a)(3)-1(a), Proced. & Admin. Regs.  Partnership items include, among other items, partnership income, gain, loss, deduction, and credit, nondeductible partnership expenses (such as charitable contributions), and partnership liabilities.  Sec. 301.6231(a)(3)-1(a)(1), Proced. & Admin. Regs.  The term "partnership item" does not include an "affected item", which is any item to the extent the item is affected by a partnership item.  See sec. 6231(a)(5); Meruelo v. Commissioner, supra at __ (slip. op. at 13); sec. 301.6231(a)(5)-1(a), Proced. & Admin. Regs.

Affected items are of two types.  The first is a computational adjustment made to a partner's tax liability to reflect adjustments to partnership items.  See sec. 6231(a)(6) (defining "computational adjustment" as "the change in the tax liability of a partner which properly reflects the treatment under this subchapter of a partnership item"); Meruelo v. Commissioner, supra at __ (slip. op. at 13).  After a final partnership-level adjustment has been made to a partnership item

---

[5]The term "Secretary" means the Secretary of the Treasury or his delegate.  Sec. 7701(a)(11).

in a unified partnership proceeding, the Commissioner assesses the additional tax resulting from adjustments to each partner's share of partnership items as computational adjustments without issuing a notice of deficiency.  See secs. 6225(a), 6230(a)(1); Meruelo v. Commissioner, supra at ___ (slip. op. at 13-14).  That is because the deficiency procedures set forth in sections 6211-6215 do not apply to the assessment or collection of a computational adjustment.  Sec. 6230(a)(1).

The second type of affected item is an adjustment to a partner's tax liability that results from a partnership-level adjustment and requires a factual determination to be made at the partner level.  See sec. 6230(a)(2)(A)(i); Meruelo v. Commissioner, supra at __ (slip. op. at 14); see also Domulewicz v. Commissioner, 129 T.C. 11, 22-24 (2007), affd. in part and remanded on other grounds sub nom. Desmet v. Commissioner, 581 F.3d 297 (6th Cir. 2009).  If an affected item cannot be adjusted without a factual determination at the partner level, then the deficiency procedures set forth in sections 6212 and 6213 apply, and the Commissioner must issue an affected items notice of deficiency to the partner in order to assess tax attributable to the affected item.  Sec. 6230(a)(2)(A)(i); Domulewicz v. Commissioner, supra at 19.

II. <u>Jurisdiction</u>

Before we decide whether the affected items notice of deficiency was timely and whether petitioner is liable for the section 6662 penalties, we first decide whether we have jurisdiction to decide these issues in an affected items deficiency proceeding.

The Tax Court is a court of limited jurisdiction, and may exercise jurisdiction only to the extent provided by statute. Sec. 7442; <u>GAF Corp. & Subs. v. Commissioner</u>, 114 T.C. 519, 521 (2000). A taxpayer generally may file a petition for redetermination of a deficiency with this Court only after receiving a valid notice of deficiency, sec. 6213(a), and the Court's jurisdiction to redetermine the deficiency for a particular year is limited by the notice of deficiency, sec. 6214(b). Whether the Tax Court has jurisdiction over the subject matter of a case is an issue that either party thereto, or the Court or an appellate court sua sponte, may raise at any time. <u>Urbano v. Commissioner</u>, 122 T.C. 384, 389 (2004). Except as provided in section 6230(a)(2) and (3), we lack jurisdiction in an affected items deficiency proceeding to decide issues that flow from a TEFRA partnership-level proceeding. See sec. 6230(a)(1).

Before the Taxpayer Relief Act of 1997 (TRA 1997), Pub. L. 105-34, 111 Stat. 788, the applicability of any penalty, addition

to tax, or additional amount relating to an adjustment to a partnership item (collectively, partnership item penalties) was determined at the partner level through the deficiency procedures after the partnership proceedings to which they related were completed. Sec. 6230(a)(2)(A)(i) before amendment by TRA 1997 sec. 1238(b)(2), 111 Stat. 1026; Domulewicz v. Commissioner, supra at 22. Effective for partnership taxable years ending after August 5, 1997, TRA 1997 sec. 1238(c), 111 Stat. 1027, TRA 1997 section 1238(b)(2) amended section 6230(a)(2)(A)(i) to limit our affected items deficiency jurisdiction in partner-level TEFRA proceedings to "affected items which require partner level determinations (other than penalties, additions to tax, and additional amounts that relate to adjustments to partnership items)".[6] (Emphasis added.) Effectively, TRA 1997 section 1238(b)(2) removed partnership-item penalties from our affected items deficiency jurisdiction under section 6230(a)(2)(A)(i). See Domulewicz v. Commissioner, supra at 22; see also Fears v. Commissioner, 129 T.C. 8, 10 n.3 (2007) (citing N.C.F. Energy

---

[6]TRA 1997 accomplished this result by (1) amending sec. 6221 to require that the applicability of any partnership-item penalty be determined at the partnership level, (2) amending sec. 6230(a)(2)(A)(i) to exclude partnership-item penalties from the deficiency procedures, and (3) amending sec. 6230(c)(4) to make the partnership-level determination conclusive with respect to the applicability of any partnership-item penalties but allowing a partner to assert any partner-level defenses in a refund claim. New Millennium Trading, L.L.C. v. Commissioner, 131 T.C. 275 (2008); Tigers Eye Trading, LLC v. Commissioner, T.C. Memo. 2009-121.

Partners v. Commissioner, 89 T.C. 741 (1987), and H. Conf. Rept.
105-220, at 685 (1997), 1997-4 C.B. (Vol. 2) 1457, 2155).

Section 6230(a)(2)(A)(i) as amended by TRA 1997 does not
apply to partnership years ending before August 1997.
Consequently, our jurisdiction over the section 6662 penalties at
issue is governed by section 6230(a)(2)(A)(i) before its
amendment by TRA 1997.  Because section 6230(a)(2)(A)(i) before
its amendment by TRA 1997 treated the section 6662 penalty
attributable to partnership item adjustments as an affected item
that required a partner-level determination, the deficiency
procedures apply.  See Domulewicz v. Commissioner, supra at 22;
cf., e.g., McIntyre v. Commissioner, T.C. Memo. 2009-305.

Petitioner has asserted partner-level defenses to the
section 6662 penalties that require factual determinations at the
partner level.  Accordingly, we have jurisdiction to redetermine
the section 6662(a) accuracy-related penalties in this affected
items deficiency proceeding.[7]  See Lindsey v. Commissioner, T.C.
Memo. 2002-278 (holding that we lack jurisdiction to redetermine
partnership items in an affected items deficiency proceeding but

---

[7]We reached the opposite conclusion on the jurisdictional
issue in two recent cases, McIntyre v. Commissioner, T.C. Memo.
2009-305, and Hay v. Commissioner, T.C. Memo. 2009-265, but those
cases are distinguishable.  Petitioner has asserted partner-
level defenses to the sec. 6662 accuracy-related penalty that
depend on factual findings at the partner level.  In McIntyre and
Hay, the taxpayers did not assert partner-level defenses.

may redetermine a section 6662 penalty computed on the basis of such partnership items in such a proceeding).

III. <u>Statute of Limitations Analysis</u>

Petitioner contends that respondent's action is barred by limitations. We interpret petitioner's argument to be that the affected items notices of deficiency were not timely mailed and that therefore the periods of limitations on assessment have expired. We disagree that the applicable periods of limitations for assessment of the section 6662 penalties have expired.

Two sections affect our analysis of the limitations issue. Section 6501(a) sets forth the general limitations period for assessing any tax imposed by the Internal Revenue Code.[8] <u>G-5 Inv. Pship. v. Commissioner</u>, 128 T.C. 186, 189 (2007). It provides that in general the amount of any tax shall be assessed within 3 years from the date a taxpayer's return is filed.[9] Section 6229 sets forth a minimum period for the assessment of any tax attributable to partnership items or affected items. <u>G-5 Inv. Pship. v. Commissioner</u>, <u>supra</u> at 189. Section 6229(a) provides:

_____

[8]For purposes of sec. 6501, the term "return" means the return filed by the taxpayer and does not include a return filed by any person from whom the taxpayer received an item of income, gain, loss, deduction, or credit. Sec. 6501(a).

[9]There are exceptions to the 3-year period of limitations, see, e.g., sec. 6501(c), (d), (e), and (f), but none of the exceptions is applicable in this case.

SEC. 6229.  PERIOD OF LIMITATIONS FOR MAKING
          ASSESSMENTS.

(a) General Rule.--Except as otherwise provided in this section, the period for assessing any tax imposed by subtitle A with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of--

(1) the date on which the partnership return for such taxable year was filed, or

(2) the last day for filing such return for such year (determined without regard to extensions).

Sections 6229 and 6501 provide alternative periods within which the Commissioner may assess tax with respect to partnership items, with the later expiring period governing in a particular case.  See G-5 Inv. Pship. v. Commissioner, supra at 189-190; AD Global Fund, LLC v. United States, 481 F.3d 1351, 1354 (Fed. Cir. 2007); Ginsburg v. Commissioner, 127 T.C. 75, 84-85 (2006); Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, 114 T.C. 533, 537 (2000); Andantech L.L.C. v. Commissioner, T.C. Memo. 2002-97, affd. in relevant part and remanded in part 331 F.3d 972 (D.C. Cir. 2003); CC&F W. Operations Ltd. Pship. v. Commissioner, T.C. Memo. 2000-286, affd. 273 F.3d 402 (1st Cir. 2001).

The issuance of an FPAA suspends the running of any applicable limitations period for the period during which an action may be brought under section 6226 or, if a petition is filed under section 6226, until the decision of the court becomes

final, and for 1 year thereafter.  See sec. 6229(d); see also G-5 Inv. Pship. v. Commissioner, supra at 190.  If the Commissioner issues an affected items notice of deficiency under section 6230(a)(2)(A)(i) before the above-described period expires, then the running of the period of limitations set forth in section 6229(d)(2) is further suspended for the period during which the Secretary is prohibited from making the assessment.  Sec. 6503(a)(1).  If a proceeding in respect of a deficiency is placed on the docket of this Court, then the period of limitations is suspended until the decision of the Court becomes final and for 60 days thereafter.  Id.  A decision of this Court becomes final 90 days after it is entered if a timely notice of appeal is not filed.  See sec. 7481(a)(1); Rule 190.  If a timely notice of appeal is filed, then the decision becomes final on the appropriate date described in section 7481(a)(2)-(4).

The timely mailing of the FPAAs and the subsequent filing of petitions on behalf of Durham Shorthorn with respect to tax year 1992 and Shorthorn Genetic with respect to tax years 1993, 1994, and 1995 tolled the period of limitations on assessment until the decisions in the partnership proceedings became final and for 1 year thereafter.  Sec. 6229(d).  The decision in the Durham Shorthorn partnership proceeding with respect to tax year 1992, was entered on May 17, 2006, and became final 90 days later on August 15, 2006.  The period of limitations on assessment under

section 6229(d)(2) with respect to 1992 would not expire before August 15, 2007.  The decisions in the Shorthorn Genetic partnership proceedings with respect to tax years 1993, 1994, and 1995 were entered on May 4, May 5, and May 5, 2006, respectively, and became final 90 days later on August 2, August 3, and August 3, 2006, respectively.  The period of limitations on assessment under section 6229(d)(2) with respect to 1993, 1994, and 1995 would not expire before August 2, August 3, and August 3, 2007, respectively.

Respondent mailed the affected items notices of deficiency for 1992-95 on August 1, 2007, when the period of limitations on assessment under section 6229(d)(2) for each of the taxable years 1992-95 was still open.  Accordingly, respondent's notices of deficiency were timely mailed, and the applicable period of limitations on assessment has not expired.[10]

IV.  Section 6662(a) Accuracy-Related Penalty

Section 6662(a) imposes a penalty equal to 20 percent of the portion of an underpayment attributable to, among other things, negligence or disregard of rules or regulations, or a substantial understatement of income tax.  Sec. 6662(a) and (b)(1) and (2). For purposes of section 6662, negligence includes any failure to

---

[10]Because petitioner timely filed petitions in this Court with respect to the affected items notices of deficiency mailed on Aug. 1, 2007, sec. 6503(a)(1) further suspends the running of the period of limitations on assessment until this Court's decisions become final and for 60 days thereafter.

make a reasonable attempt to comply with the law.  See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.  Negligence is strongly indicated where a taxpayer fails to make a reasonable attempt to determine the correctness of a deduction, credit, or exclusion that would seem to a reasonable person to be "too good to be true".  Sec. 1.6662-3(b)(1)(ii), Income Tax Regs.  Whether a taxpayer was negligent in claiming a deduction "depends upon both the legitimacy of the underlying investment, and due care in the claiming of the deduction."  Sacks v. Commissioner, 82 F.3d 918, 920 (9th Cir. 1996), affg. T.C. Memo. 1994-217.  The Commissioner's determination of negligence is presumed correct, and the taxpayer has the burden of proving that it is erroneous. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972).[11]

The section 6662(a) accuracy-related penalty does not apply to any portion of an underpayment if the taxpayer establishes that there was reasonable cause for the portion and that he acted in good faith with respect to that portion.  Sec. 6664(c)(1); Sanders v. Commissioner, T.C. Memo. 2005-163.  Whether a taxpayer acted with reasonable cause and in good faith within the meaning

_____

[11]Sec. 7491(c), which provides that the Secretary has the burden of production with respect to the liability of any individual for any penalty or addition to tax, is effective for court proceedings arising in connection with examinations commencing after July 22, 1998.  Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001(c), 112 Stat. 727.  Because the examination giving rise to the adjustment of partnership items began before July 23, 1998, sec. 7491(c) is not applicable.

of section 6664(c)(1) is determined on a case-by-case basis, taking into account all relevant facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id. Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable under all of the circumstances, including the taxpayer's education, experience, and knowledge. Id.

Reliance on professional advice, standing alone, is not an absolute defense to negligence but merely a factor to be considered. Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. on another issue 501 U.S. 868 (1991). Such reliance may constitute reasonable cause if the taxpayer relied in good faith on the professional advice and the taxpayer's reliance was objectively reasonable. Id.; Sacks v. Commissioner, supra at 920. However, a taxpayer cannot negate the negligence penalty by relying on the advice of a transaction's promoters or other advisers who have a conflict of interest. Hansen v. Commissioner, 471 F.3d 1021, 1031 (9th Cir. 2006), affg. T.C. Memo. 2004-269.

Petitioner contends he is not liable for the section 6662(a) accuracy-related penalty for negligence because he had reasonable cause to believe that the losses he claimed with respect to his

investments in Durham Shorthorn and Shorthorn Genetic were allowable. We disagree.

Petitioner is a well-educated financial professional. He holds a master's degree in business, and his study included classes in accounting. Despite his education and experience, petitioner invested in Durham Shorthorn and Shorthorn Genetic solely on the basis of his conversations with promoters and other Hoyt Farms investors. Petitioner did not do any meaningful due diligence with respect to the partnerships, and he did not consult an independent legal or tax professional before he invested in the partnerships or before he filed his 1992-95 Federal income tax returns claiming tax benefits from the partnerships.

The record does not disclose any attempt on petitioner's part to question or investigate whether it was proper for him to drastically reduce his tax liability by deducting as ordinary losses amounts that vastly exceeded his investment in the partnerships, despite the too-good-to-be-true nature of the transactions. Petitioner did not even make inquiries after he received notice that the Internal Revenue Service had identified the Hoyt partnerships as abusive tax shelters.

Under the circumstances, we conclude that petitioner was negligent in that he failed to make reasonable attempts to comply with the tax law and failed to make reasonable attempts to

determine the correctness of deductions that should have seemed to him too good to be true. Moreover, even if we accept at face value petitioner's testimony that he relied on the advice of Hoyt Farms' in-house tax professionals, such reliance standing alone is not a defense to the section 6662(a) negligence penalty where petitioner's advisers were closely affiliated with the promoter of the schemes and had an obvious conflict of interest. See Hansen v. Commissioner, supra at 1031. Accordingly, we conclude that petitioner is liable for the section 6662(a) accuracy-related penalty.

In the alternative, petitioner argues that even if his reliance on tax advisers was not reasonable under the circumstances, we should find he is not liable for the section 6662(a) penalty due to his misunderstanding of the law. In appropriate circumstances, we have granted taxpayers relief from the section 6662(a) accuracy-related penalty for negligence where an underpayment of tax was due to an honest mistake of law. See, e.g., Van Wyk v. Commissioner, 113 T.C. 440, 449 (1999). We have generally limited such relief to situations in which the law was unclear, the taxpayer made a reasonable good-faith effort to comply with the law, and under all the facts and circumstances it would have been unfair to penalize the taxpayer for an honest mistake. See id. This is not such a case. Petitioner has presented no evidence whatsoever concerning his understanding or

lack of understanding of the partnership transactions that gave rise to his partnership losses in 1992-1995. Accordingly, we decline to relieve petitioner from liability for the section 6662(a) penalties because of an alleged misunderstanding of the tax law applicable to partnerships.

Because we find petitioner is liable for the section 6662(a) accuracy-related penalty due to negligence, we need not determine whether petitioner also is liable for the section 6662(a) penalty for a substantial understatement of income tax. See Sanders v. Commissioner, supra.

V. Petitioner's Theft Loss Claim

At trial petitioner requested that if we conclude he is liable for the section 6662(a) accuracy-related penalty, we treat his investment in the Hoyt partnerships as a theft loss. However, we do not have jurisdiction over petitioner's theft loss claim because we lack jurisdiction in this affected items proceeding over the deficiencies resulting from the computational adjustment of partnership items. See McIntyre v. Commissioner, T.C. Memo. 2009-305; Hay v. Commissioner, T.C. Memo. 2009-265.[12]

---

[12]Sec. 165 generally allows a taxpayer who has suffered a theft loss to deduct the loss, subject to certain limitations. Sec. 165(a), (c), (e). A taxpayer must prove by a preponderance of the evidence that a theft actually occurred. See Rule 142(a). To carry his burden of proof, a taxpayer must establish the following elements: (1) A theft occurred, according to the laws of the jurisdiction where the loss took place, (2) the amount of the theft loss, and (3) the date of the discovery of the loss.

(continued...)

## VI.   Conclusion

For the reasons discussed above, we conclude that the periods for respondent to assess the section 6662(a) accuracy-related penalties with respect to petitioner's 1992-95 Federal income tax returns remain open, and we sustain respondent's determination with respect to petitioner's liability for section 6662(a) accuracy-related penalties.

We have considered all the other arguments made by petitioner, and to the extent not discussed above, we conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.

---

¹²(...continued)
See, e.g., Yates v. Commissioner, T.C. Memo. 1988-565. Petitioner did not introduce the necessary evidence to prove a theft loss.