T.C. Memo. 2018-70

UNITED STATES TAX COURT

SARWAT-BEN R. BENJAMIN AND REHAN RABADI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3291-16.                           Filed May 22, 2018.

Sarwat-Ben R. Benjamin and Rehan Rabadi, pro sese.

<u>Jeri L. Acromite</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>:  Respondent determined deficiencies in petitioners'

Federal income tax and accuracy-related penalties for taxable years 2012, 2013,

and 2014 (years in issue) as follows:

[*2]

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|---------------------|
| 2012 | $6,401 | $880 |
| 2013 | 23,018 | 4,604 |
| 2014 | 22,081 | 4,416 |

Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

After concessions, the issues for our consideration are: (1) whether petitioners are entitled to deduct moving expenses for each of the years in issue; (2) whether they are entitled to itemized deductions that they claimed on Schedules A, Itemized Deductions, for the years in issue; and (3) whether they are liable for the accuracy-related penalties under section 6662(a).

FINDINGS OF FACT

Some of the facts are stipulated and are so found. Petitioners resided in California when they timely filed the petition.

During the years in issue petitioner husband worked as a field engineer for various clients at various jobsites around the country. He traveled to other States including Texas, New Mexico, and Arizona. When petitioner husband traveled to

[*3] perform his work at client jobsites, he maintained a residence in California where his family lived.

He obtained his jobs with different clients through temporary employment agencies. RCS Industries employed petitioner husband from April 22 through November 1, 2013, in Houston, Texas. He was hired as a contract employee and was not reimbursed for any expenses during his employment.

Petitioners filed joint Federal income tax returns for the years in issue. On their return for each tax year in issue they deducted moving expenses. They claimed numerous itemized deductions on Schedules A attached to their returns. Their claimed itemized deductions included unreimbursed employee expenses and miscellaneous deductions for tax preparation fees and other expenses. Respondent disallowed petitioners' claimed deductions for moving expenses and certain of the itemized deductions claimed on Schedules A.

For the years in issue they claimed deductions for charitable contributions, including cash and noncash contributions, and charitable contribution carryovers from prior years.[1] Respondent disallowed the carryover of charitable contributions.

---

[1]Respondent has conceded the charitable contribution deductions for the years in issue.

**[\*4]**  Respondent determined accuracy-related penalties under section 6662(a) for each of the years in issue.  On October 7, 2015, the group manager for the Internal Revenue Service (IRS) examining agent executed a Civil Penalty Approval Form approving the penalties determined in the notice of deficiency (notice) sent November 17, 2015.

OPINION

Generally, a taxpayer bears the burden of proving that the Commissioner's determinations in a notice of deficiency are erroneous.  Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Petitioners have neither claimed nor shown that they meet the specifications of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed.  Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  This includes the burden of substantiation.  Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

Taxpayers are required under the Code to maintain records adequate to substantiate their income and deductions.  Sec. 6001.  These records should be

[*5] sufficient to establish the amount of the gross income or other items shown on the tax return. Sec. 1.6001-1(a), Income Tax Regs. Taxpayers shall retain these records as long as they may become material in the administration of the Code. Sec. 1.6001-1(e), Income Tax Regs.

I.      Moving Expenses

Section 217(a) allows a deduction for expenses incurred as "moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work." Section 217(b)(1) generally defines "moving expenses" as the reasonable expenses of moving household goods and personal effects from the former residence to the new residence and related travel. It does not include meals. Sec. 217(b)(1) (flush language).

Section 217(c) provides conditions for the deductibility of moving expenses. Moving expenses shall be deductible only if the taxpayer's new principal place of work is at least 50 miles farther from his residence than was his former principal place of work or, if he had no former principal place of work, is at least 50 miles from his former residence. Sec. 217(c)(1)(A) and (B). Section 217(c)(2) provides that no deduction shall be allowed unless (A) the taxpayer is a full-time employee at the new principal place of work during the 12-month period

**[*6]** following his arrival in the general location of his or her new principal place of work for at least 39 weeks or (B) during the 24-month period following the taxpayer's arrival in the general location of his or her new principal place of work, the taxpayer is a full-time employee or performs services as a self-employed individual on a full-time basis for at least 78 weeks and at least 39 weeks are in the first 12-month period.

Petitioner husband testified that he incurred costs in moving his work gear and equipment from his residence in California to jobsites in other States. He provided numerous receipts that showed payments for hotels, meals, and car rentals. His testimony did not establish which expenses, if any, should be classified as moving expenses. He continued to maintain his principal residence in California during the times that he traveled to perform work for clients.

Petitioner husband did not establish by his testimony or any other evidence that he stayed and worked in a new location for the requisite 39 weeks to be eligible to deduct moving expenses. Petitioners have failed to carry their burden of proving that they satisfied the conditions of section 217(c). We sustain respondent's disallowance of the deductions for moving expenses.

**[*7]** II.      Itemized Deductions

A.      Unreimbursed Employee Expenses

Section 262(a) provides that personal, living, or family expenses are not deductible.  Section 162(a)(2) allows traveling expenses to be deducted if they are ordinary and necessary expenses and have been incurred while the taxpayer is away from home in the pursuit of a trade or business.  Barone v. Commissioner, 85 T.C. 462, 465 (1985), aff'd without published opinion, 807 F.2d 177 (9th Cir. 1986).  For the purpose of section 162, home is the vicinity of a taxpayer's principal place of employment and not where his or her personal residence is located.  Mitchell v. Commissioner, 74 T.C. 578, 581 (1980).  The idea is to mitigate the burden of a taxpayer who, because of his or her trade or business, must maintain two places of abode and incur additional and duplicate living expenses.  Liljeberg v. Commissioner, 148 T.C. __, __ (slip op. at 16) (Mar. 16, 2017); Kroll v. Commissioner, 49 T.C. 557, 562 (1968).

Expenses associated with maintaining a residence far from one's principal place of employment for personal reasons are not deductible.  Liljeberg v. Commissioner, 148 T.C. at __ (slip op. at 16); Tucker v. Commissioner, 55 T.C. 783, 786 (1971).  However, a taxpayer may claim his or her personal residence as his or her home when away from home on temporary, rather than indefinite or

**[*8]** permanent, basis.  Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958); Kroll v. Commissioner, 49 T.C. at 562.  A taxpayer cannot take a job of uncertain duration and choose to live in his or her original residence and have that original residence qualify as his or her home for purposes of section 162.  See Wirt v. Commissioner, T.C. Memo. 1988-329.  A taxpayer must have a business reason to maintain a distant, separate residence.  Liljeberg v. Commissioner, 148 T.C. at __ (slip op. at 24); see Tucker v. Commissioner, 55 T.C. at 786.

Petitioner husband testified that he traveled to and from different jobsites during the years in issue and that he incurred travel and living expenses while performing his work.  There was no evidence that petitioner husband's absences from his home in California were temporary.  Petitioner husband provided no evidence of any business purpose for maintaining a residence in California.  Petitioner husband chose for personal reasons to maintain his family residence far from the location of his employment.  Therefore, petitioner husband's travel and living expenses are not deductible.  See Commissioner v. Flowers, 326 U.S. 465 (1946).

**[*9]** B. <u>Charitable Contributions and Contribution Carryovers</u>

Section 170(a) generally allows a deduction for charitable contributions made within the taxable year. Section 170(d)(1) provides that if the amount of charitable contributions made within a taxable year exceeds 50% of the taxpayer's "contribution base" for that year, any excess contribution is to be treated as a charitable contribution paid in each of the five succeeding taxable years in order of time. Deductions claimed for charitable contributions in excess of $250 are subject to certain substantiation requirements. <u>See</u> sec. 170(f)(8).

Petitioners claimed additional deductions on Schedules A for the years in issue for charitable contribution carryovers. They did not provide any evidence to substantiate contributions that were disallowed for the years in issue or not deducted for previous tax years. They failed to meet their burden of proof with respect to the deductions claimed for contribution carryovers. We sustain respondent's disallowance of petitioners' claimed deductions for charitable contribution carryovers.

C. <u>Other Miscellaneous Deductions</u>

Petitioners failed to address at trial or provide evidence regarding the other itemized deductions that respondent disallowed in the notice, including miscellaneous deductions for tax preparation fees and other expenses. We

[*10] conclude that they have failed to meet their burden of proof as to those claimed deductions.

III.    Section 6662(a) Penalties

Respondent determined that for each year in issue petitioners are liable for an accuracy-related penalty pursuant to section 6662(a). An accuracy-related penalty may apply if there is an underpayment attributable either to negligence or disregard of rules or regulations within the meaning of section 6662(b)(1) or to a substantial understatement of income tax within the meaning of section 6662(b)(2). An understatement of income tax is substantial for any taxable year where the amount of the understatement exceeds the greater of 10% of the tax required to be shown on the return for the taxable year or $5,000. Sec. 6662(d)(1)(A). As determined in the notice, petitioners' understatements of income tax for the years in issue were substantial, and respondent determined penalties under section 6662(a) and (b)(2).

The Commissioner bears the burden of production with respect to this penalty. Sec. 7491(c). Once the Commissioner meets this burden, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. See Rule 142(a); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Section 6751(b)(1) provides that "[n]o penalty under this

**[\*11]** title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate." In <u>Graev v. Commissioner</u>, 149 T.C. __ (Dec. 20, 2017), <u>supplementing and overruling in part</u> 147 T.C. 460 (2016), we held that the Commissioner's burden of production under section 7491(c) includes establishing compliance with the supervisory approval requirement of section 6751(b).

Respondent provided a Civil Penalty Approval Form meeting the requirements of section 6751(b). Respondent has satisfied the burden of production with respect to the penalties, and the burden of proof remains with petitioners to show that the penalties are inappropriate. <u>See</u> Rule 142(a); <u>Higbee v. Commissioner</u>, 116 T.C. at 446-447.

The section 6662(a) penalty may not be imposed with respect to any portion of an underpayment of tax for which it is shown that the taxpayer had reasonable cause and acted in good faith. Sec. 6664(c)(1). Regulations promulgated under section 6664(c) provide that the determination of reasonable cause and good faith "is made on a case-by-case basis, taking into account all pertinent facts and circumstances." Sec. 1.6664-4(b)(1), Income Tax Regs.

[*12] Petitioner husband testified that he considered applicable law and IRS guidance before claiming the moving expense and itemized deductions at issue. Generally, his testimony demonstrated that he misunderstood the law as it applied to his expenses. From his testimony it appears that petitioner husband did not understand that section 217(c)(2) required him to work a minimum of 39 weeks in the general location of his new place of employment within a 12-month span.

In appropriate circumstances we have granted taxpayers relief from the section 6662(a) accuracy-related penalty where an underpayment of tax was due to an honest mistake of law. See, e.g., Van Wyk v. Commissioner, 113 T.C. 440, 449 (1999). Generally, we limit such relief to situations in which the law was unclear, the taxpayer made a reasonable good-faith effort to comply with the law, and under all the facts and circumstances it would be unfair to penalize the taxpayer for an honest mistake. See id.

The provisions governing the claimed deductions in this case are not unclear. Petitioners have not established that they made a sufficient good-faith effort to determine whether the extensive deductions that they claimed for their individual expenses were allowable under the Code. They failed to maintain adequate records to substantiate properly the amounts and purposes of their reported itemized deductions. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

[*13] Petitioners have not established that they acted with reasonable cause and in good faith with respect to any portions of the underpayments for the years in issue. Respondent made concessions for charitable contribution deductions disallowed previously in the notice. Taking into account respondent's concessions and our holdings in this opinion, we sustain the section 6662(a) accuracy-related penalties determined for the years in issue to the extent that substantial understatements of income tax remain.

To reflect the foregoing,

Decision will be entered under

Rule 155.